[Civ. No. 406.  Second Appellate District.—November 23, 1907.]

FLORENCE H. CHENEY, Appellant, v. D. C. McGARVIN, Administrator of Estate of CHARLES H. BUSH, Deceased, Respondent.

ESTATES OF DECEASED PERSONS—CLAIM FOR BALANCE DUE FOR SERVICES AS CLERK—ACTION ON REJECTED CLAIM—TRUST NOT ESTABLISHED—VARIANCE NOT SHOWN.—In an action upon a rejected claim against the estate of a deceased person for the balance of an account for services rendered to the deceased as a clerk for a monthly salary at an agreed rate, the fact that only a portion of the salary was drawn, and that the residue was left unpaid, with which it was intended, when paid, to buy furniture for a home which the employer had agreed to provide, does not establish a trust on the part of the employer for the balance of the salary earned, or show any variance from the claim presented therefor.

ID.—PROPER VERDICT AND JUDGMENT—NEW TRIAL IMPROPERLY GRANTED FOR VARIANCE—REVERSAL OF ORDER.—Where the verdict and judgment were properly rendered for the plaintiff, and the only ground on which a new trial was granted was that the evidence established a variance from the claim presented for the balance due for services rendered, the order granting a new trial must be reversed.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.  W. P. James, Judge.

The facts are stated in the opinion of the court.

F. B. Guthrie, and Louis Luckel, for Appellant.

J. W. McKinley, and Oscar Lawler, for Respondent.

TAGGART, J.—Appeal from an order granting a new trial.

Plaintiff presented a properly verified claim against the estate of Charles H. Bush, deceased, of which defendant is administrator, itemized and stated as follows:

"To services as general clerk in jewelry store
    of deceased from July 1st, 1903, to May,
    1st, 1904, 43 3-7 weeks at $20........$ 860.57
"To services as general clerk in jewelry store
    of deceased from Dec. 20th, 1904, to
    July 23rd, 1905, 32 1-7 weeks at $20...$ 642.85

                                                $1503.42
"By. cash received at divers times between
    July 1st, 1903, and July 23d, 1905.... 560.42

        "Balance due .................$ 943.00"

This claim was rejected by defendant, and action commenced thereon by plaintiff within the statutory time. The complaint states the cause of action in two counts, one of which declares on an express promise to pay by the deceased, and the other upon the reasonable value of the services rendered.

The evidence introduced by plaintiff to establish the character of her employment, and amount and manner in which she was to be paid for her services, consisted of the testimony of her daughter to an oral agreement between plaintiff and the deceased. This testimony, so far as material to the question here being considered, was: "He [Bush] asked her (plaintiff) to come to work at a salary of twenty dollars a week." "She was to come there as clerk to sell jewelry and attend to his store. She also collected rents and attended him when he was sick." "Mr. Bush said my mother was to draw· seven dollars a week and leave the thirteen dollars a week remaining with him that she might furnish a home." "My mother lived with me, and Mr. Bush visited us very often. The contract between Mr. Bush and my mother was often spoken about. It was that he was to build a home and that he was to furnish a home for us." "Mr. Bush said that she was to receive twenty dollars per week, thirteen of which was retained to be devoted to the purchase of furniture for a residence which was to be constructed by him and he was to arrange matters by his will so that at his death it should go to my mother; this money was to be held by him and devoted to the purchase of furniture for that place; that was the agreement entered into between himself and my

mother.'' This is the entire evidence relating to the employment of plaintiff.

The case was tried by a jury and a verdict rendered for $943 in favor of plaintiff, and judgment for that amount, with costs, entered on the verdict.

Defendant moved for a new trial and his motion was granted on the ground, as stated in the order, ''that a material variance is shown between the proof made and the claim alleged in plaintiff's complaint and as presented to the defendant administrator, and upon no other ground.'' The theory upon which this ruling is sustained by respondent, and presumably that upon which the court acted, is that by the terms of the agreement proven the money sued for was retained by Bush either in trust, or under some other form of obligation to repay money held in deposit, and no longer due to plaintiff on account of the original services.

The evidence supports the claim presented in respect to there being an original indebtedness of twenty dollars per week for plaintiff's services as therein set forth. It also shows that the credit given corresponds in amount to the seven dollars per week which plaintiff was to draw under the agreement to which the daughter testified. This, of course, left the thirteen dollars per week in the hands of Bush. He owed this to her as part of her wages for services rendered, if the contract testified to does not show that the character of the indebtedness was changed by agreement or the acts of the parties. The witness says that plaintiff was to leave the thirteen dollars a week with him that she might use it to purchase furniture for a home. He was going to furnish a house for the plaintiff and her daughter, and the plaintiff was to purchase the furniture for it. There was no consideration for the leaving of this money with Bush; there is no question about it belonging to plaintiff by virtue of her having earned it as wages. She might have designated some other person to hold it for her, but like most clerks and employees she chose to leave it with her employer because she had plans which would enable her to use it better after it had been accumulating for some time. We are not aware of any authority holding that because an employee arranges with his employer to pay him but a portion of his wages, assigning as a reason for not drawing the balance that he de-

sired to leave it in the employer's hands until such time as he could buy the furniture necessary for a home, that any trust relation was thereby created, or that the employer ceased to owe the money to the employee for services rendered. That this purchase of furniture by the plaintiff is connected with the additional offer of the deceased to furnish a home does not alter the matter or change the character of the obligation.

We do not think it necessary to distinguish those cases in which the presentation of a claim based upon a trust is considered. The order granting the new trial is expressly limited as to the grounds upon which it is based, and our consideration thereof is confined to this. (*Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 621, [75 Pac. 332].) In our opinion, there was no variance between the claim presented and the proof adduced to justify the trial court in granting a new trial.

Order appealed from is reversed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 20, 1908.