Moran v. Harris et al.

MORAN v. HARRIS ET AL.

1. **Practice in Supreme Court:** EVIDENCE TO SUPPORT VERDICT. Where the trial court determines that the verdict is contrary to the evidence, and ought on that ground to be set aside, the case must be very clear indeed to warrant this court in interfering with its action; and where an order granting a new trial on this ground cannot be disturbed, other grounds appearing in the record will not be considered.

2. **Negligence:** EMPLOYER AND EMPLOYE: RISKS ASSUMED BY THE LATTER: DEFECTIVE MACHINERY. An employe, by remaining in the service of his employer without objection, assumes the risk of such damages as are occasioned by defects in the machinery about which he is employed, of which he has knowledge, or of which, in the exercise of reasonable care and diligence, he might have knowledge. (See cases cited in opinion.) But where he does not himself operate or control the machinery, but it is operated and controlled by his employer, he does not assume such risks as are created by the negligent manner in which the employer may use the defective machinery; and the existence of the defect in such a case imposes upon the employer the duty of using greater care in the management of the machinery than would be required of him if the defect did not exist.

*Appeal from Webster District Court.*

THURSDAY, APRIL 24.

PLAINTIFF brought this action to recover damages on account of personal injuries sustained by him while in defend-

ant's employ in sinking a coal shaft. There was a general verdict for plaintiff, also certain special findings by the jury. Defendants moved the court to set aside the general verdict, and to enter judgment for them on the special findings. The motion to set aside the general verdict was sustained, but the motion for judgment on the special findings was overruled, and a new trial was ordered. Both parties appeal.

*Barcroft, Bowen & Sickmon, Baylies & Baylies, Hugh Brennan* and *B. A. Williams,* for plaintiff.

*John F. Duncombe,* for defendants.

REED, J.—Defendants were engaged in sinking a coal shaft, and plaintiff was in their employ as a miner, working in said shaft, at the time he received the injuries complained of. The earth and other material taken from the shaft were hoisted to the surface by machinery, consisting of a derrick some eighteen feet high, erected over the mouth of the shaft. There was a pulley at the top of this derrick, and another at the foot. A heavy rope passed over the upper pulley and beneath the lower one. A large tub was attached to one end of this rope, and a team of horses was hitched to the other end. There was an open iron hook attached to the rope at the end next to the team, and this was hooked into the clevis in the double-tree to which the team was hitched. When the tub was to be hoisted from the bottom of the shaft, the team was driven in the direction away from the derrick, and when it was to be lowered into the shaft, the team was either backed towards the derrick, or else the hook was unhooked from the double-tree, and the team turned facing the derrick, when the hook was attached to the ring in the neck-yoke and the team driven towards the derrick. The employes of defendant, who were engaged in the work in the shaft, were lowered into the shaft and hoisted to the surface by this machinery. The accident in which plaintiff received the injuries complained of occurred in the night time. He had come out of the shaft

for the purpose of having some repairs made on the tools with which he was working. After these repairs had been made, he returned to the mouth of the shaft, placed his tools in the tub, and got in himself. The hook by some means had become detached from the clevis in the double-tree, and as soon as plaintiff stepped into the tub it fell with him to the bottom of the shaft. One of the defendants was in charge of the team at the time.

Plaintiff's claim is that these appliances for hoisting and lowering were defective and dangerous; that, when the tub was at the top of the shaft, the open hook at the double-tree was drawn to the ground by the weight of the rope and double-tree, and was liable to become unhooked from the clevis; and that this was known to defendants, and that they were guilty of negligence in not furnishing proper and safe machinery and appliances for doing this work.

He also claims that there was actual and negligent mismanagement of the team and appliances by the defendant who was in charge of them at the time of the accident.

Defendants deny that the appliances were defective, or that they were guilty of any negligence, either as to the character of the machinery used, or in the management of the team and machinery at the time of the accident; and they allege that defendant was guilty of contributory negligence. They also claim that he waived all right to recover for the injury, by remaining at the work at which he was employed without objection, after he knew the danger to which he was exposed, and without any inducement to remain, except his wages.

The jury found specially that plaintiff was in the exercise of due care at the time he was hurt; that the accident was caused by the open hook becoming unhooked from the clevis in the double-tree; that plaintiff did not know, before or at the time of his injury, that the rope was attached to the double-tree with an open hook, but that, by the exercise of reasonable care, he might have known that an open hook was being used, and might also have known the manner in which

the hoisting apparatus was used, and the kind of machinery used, and the defects and dangers in the machinery and in the manner in which it was used.

They also found that an open hook was not a reasonable or safe connection between the rope and double-tree, when used in the manner and for the purpose for which the machinery in question was used.

They also found that the defendant who had charge of the team at the time of the accident did not use proper care and precaution.

I.  As to plaintiff's appeal: The district court set aside the general verdict and granted a new trial.  Plaintiff's appeal is 1. PRACTICE from this order.  The record shows that this order in supreme court: evi- was made on the ground that the special findings dence to sup- port verdict. were inconsistent and contradictory, and that the general verdict was inconsistent with some of the special findings, and contrary to the evidence and instructions of the court.

It does not appear in what respect the court held that the general verdict was contrary to the evidence.  There was a conflict of evidence on nearly every question of fact involved in the case.  We cannot determine from the record whether the court put the ruling on the ground that plaintiff had failed to establish some particular element of his case, or whether, on the consideration of the whole evidence, it was thought that the just and fair administration of the law demanded that the verdict should be set aside.  On this state of the record, we will not stop to enquire whether the other grounds on which the ruling is based are sound or not.

When the trial court determines that the verdict is contrary to the evidence, and ought to be set aside on that ground, the case must be very clear indeed to warrant the appellate court in interfering with its action; and we have no such case before us.

II.  As to defendants' appeal.  The ground of defendants' motion for judgment is that, as the jury found that the injury

Moran v. Harris et al.

**2. NEGLI-GENCE: employer and employe: risks assumed by the latter: defective machinery.** was caused by the open hook becoming detached from the double-tree, and that plaintiff might by the exercise of reasonable care have known at the time of the injury, and before that, that an open hook was being used, and might also have known the manner in which the hoisting apparatus was operated, and the dangers and defects of the machinery and the manner of using it, he cannot recover.

It has often been held by this court that the employe, by remaining in the service of the employer without objection, assumes the risk of such dangers as are occasioned by defects in the machinery about which he is employed, of which he has knowledge, or of which, in the exercise of reasonable care and diligence, he might have knowledge. *Money v. The Lower Vein Coal Company*, 55 Iowa, 671; *Way v. Railway Co.*, 40 Id., 341; *Muldowney v. Railway Co.*, 39 Id., 615; *Kroy v. Railway Co.*, 32 Id., 357; *Greenleaf v. Railway Co.*, 29 Id., 14. Defendants' contend that, on the facts found by the jury, the rule established by these cases is conclusive against plaintiff's right to recover. We think, however, that there is one element in this case which distinguishes it from the cases cited.

Plaintiff was not employed to work *with* the machinery. He was engaged in the work of excavating the shaft, and had nothing whatever to do with operating the hoisting apparatus. Defendants undertook themselves the work of operating this machinery, and they undertook to lower and hoist plaintiff by this means, when he had occasion to enter the shaft or leave it. Two duties were, therefore, imposed upon them by virtue of their relations to plaintiff: *First*, to provide machinery suitable and reasonably safe for the business in which they were engaged; and, *Second*, to operate such machinery in a reasonably careful and safe manner. Plaintiff's complaint is that they violated both of these duties, and that his injuries were occasioned by these violations of duty. If it be conceded that plaintiff assumed the risk of all such dan-

gers as were created by the defects of the machinery, it does not follow that defendants would not be liable for such injuries as might be occasioned by their negligence in the operation of the machinery, or such as they could have prevented by the exercise of reasonable diligence and care. All that can be claimed is, that plaintiff assumed the risk of such dangers as might be occasioned by the defects in the machinery, while being used in a reasonably prudent and careful manner. He did not assume the risks of such dangers as would be created by the careless or negligent manner in which defendants might use the defective machinery.

The existence of the defect imposed on defendants the duty of using greater care and diligence in the management of the apparatus than would have been required of them if the defect had not existed. If, as is claimed, the hook was liable to become detached when the tub was at the top of the shaft and the rope was slackened, they were required to use a degree of diligence and care commensurate with the danger which this circumstance created. The duty which they owed plaintiff may have required them to make a personal examination of the hook before he stepped into the tub, to see whether it had become detached. If this is so, and they neglected this duty, and the injury resulted from this neglect, the question of their liability would not be affected by the fact that defendant knew that the hook was liable to become detached. We do not determine that they were charged with this duty; for the question is one of fact, to be determined by the jury from all the circumstances of the transaction; but under the issues it may well have arisen in the case.

What we do determine is that, as the issue was made that the injury was occasioned by the negligent manner in which the machinery was operated by defendants, the special findings, that plaintiff might have known of the defect, and of the manner in which the apparatus was operated, are not conclusive of his right to recover. The order of the district court is                                          AFFIRMED.