[S. F. No. 2468.   In Bank.—January 15, 1904.]

BEN LOMOND WINE COMPANY, Respondent, v. CHARLES SLADKY, GEORGE R. EATON et al., Defendants; CHARLES SLADKY, Appellant.

UNLAWFUL DETAINER—ASSIGNMENT OF LEASE BY ASSIGNEE—POSSESSION DELIVERED BEFORE NOTICE TO QUIT.—An action for unlawful detainer will not lie against an assignee of a lease who had assigned the lease and delivered possession to another assignee before the service upon him of notice to quit.

ID.—BREACH OF COVENANTS—REMEDY BY ACTION.—The fact that the first assignee of the lease had been guilty of a breach of covenants of the lease prior to the assignment by him and delivery of the possession under it to another assignee does not render him liable in the summary action of unlawful detainer to damages therefor. In such case the only remedy for such breach is by an ordinary action.

ID.—SPECIAL VERDICT—ORDER GRANTING NEW TRIAL—INSUFFICIENCY OF EVIDENCE—LACK OF SPECIFICATIONS—ABSENCE OF GROUND AS TO APPELLANT.—Where the jury found a special verdict, that the appealing defendant had assigned his interest in the lease to a co-defendant prior to the service of notice to quit, and that the co-defendant had taken possession as assignee of the lease prior to such service, an order granting a new trial to the plaintiff as against the appellant cannot be sustained for insufficiency of the evidence to justify the special verdict, where there are no specifications thereof in the statement; and where there is no assignment of any error of law material to the special findings, and no other ground for granting the order as against the appellant appears in the record, the order will be reversed as to him.

APPEAL from an order of the Superior Court of Santa Cruz County granting a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Lester H. Jacobs, and Frohman & Jacobs, for Appellant.

Kierce & Gillogley, for Respondent.

Black & Leaming, for George R. Eaton, Co-Defendant.

ANGELLOTTI, J.—This is an appeal by defendant Charles Sladky from an order of the superior court granting the plaintiff's motion for a new trial. The action was in un-

lawful detainer, the complaint alleging that Sladky, as assignee of a leasehold interest in plaintiff's land, and defendant Eaton, claiming to have some rights under the lease, were unlawfully holding over and continuing in possession of said land after certain alleged violations of the covenants and conditions of said lease, and after notice in writing requiring them to quit and deliver up to plaintiff possession of the demised premises. Judgment for restitution and possession of said premises was asked, together with damages for the unlawful detainer, and also for the violation of the covenants of the lease.

Sladky and Eaton filed separate answers, Sladky alleging that prior to the service upon him of notice to quit he had regularly executed to Eaton an assignment of the lease and all of his rights thereunder, and had, prior to the service of such notice, delivered to said Eaton full possession of said premises, and that he had not thereafter been in possession of any part of said premises. The action was tried with a jury, which rendered a special verdict. The following special issues, with ten others relating to other matters, were submitted to the jury, viz.: 1. Had the defendant, Charles Sladky, assigned his interest in the lease mentioned in the complaint to defendant, George R. Eaton, prior to the service of the notice to quit on the defendants, Eaton and Sladky? 2. Had the defendant, George R. Eaton, taken possession of the premises referred to in the lease prior to the service on him of the notice to quit? To each of these queries the jury answered "Yes," and the record shows no evidence in conflict with these findings. The record shows that the notice to quit was served on Sladky and Eaton on the same day. Upon the other issues, the special verdict was also in favor of both Sladky and Eaton. Judgment in defendants' favor was thereon entered.

While plaintiff's notice of motion for a new trial specified as a ground therefor insufficiency of the evidence to justify the verdict in favor of defendants on any of the issues, there is not in the statement on motion for a new trial any specification of insufficiency of evidence to justify the finding of the jury upon either of the issues above set forth, or any such specification relating in any degree whatever to the

subject-matter thereof. In such statement there is no assignment of any error of law, in any way material to the proper determination of these issues, or the determination of any question relating to the possession at the time of the service of the notice to quit or thereafter.

Some question is made as to whether the order of the lower court granting a new trial excludes insufficiency of the evidence as one of the grounds, this question arising from the fact that the opinion signed by the judge in deciding the motion and filed, which purported to order a new trial, did state that he would not disturb the verdict on that ground, while the order entered in the minutes was general in terms. This question would appear to be settled by the decision of this court in *Newman* v. *Overland etc. Ry. Co.*, 132 Cal. 73, wherein it was held that where there is an order granting a new trial entered upon the minutes of the court, and also an opinion filed showing the reasons for the granting of the motion, and concluding with the words, ''The motion for a new trial is granted,'' the order entered in the minutes is the only record of the court's action, and is to be measured by its terms, and not by the reasons which the court may give for it.

As insufficiency of the evidence was one of the grounds specified in the notice of motion for a new trial, we would be compelled to assume, in favor of the order appealed from, that the motion was granted upon that ground, if the statement discloses a case in which the superior court would have been authorized to grant the motion on such ground, as against the defendant Sladky. The superior court could not, however, properly grant the motion for a new trial upon the ground that the evidence was insufficient to justify the findings of the jury hereinbefore set forth as to the assignment by Sladky to Eaton, and the taking of possession of the premises by Eaton prior to the service of the notice to quit, for the statement contained no specification in relation thereto, and, so far as that matter was concerned, the statement could not be considered by the court. (Hayne on New Trial and Appeal, sec. 150; Code Civ. Proc., sec. 659, subd. 3.) The findings of the jury in that regard stand unchallenged, and, so far as Sladky is concerned, we have a case where an assignee of a leasehold interest, who has, as such assignee, been in pos-

session of the demised premises, has prior to the service of any notice to quit *assigned his interest to another, and delivered possession to such other.* In other words, at the time of service of such notice to quit, Sladky was not "continuing in possession" of the demised premises.

It would seem to require no argument to show that the summary proceedings provided, as the title to the chapter relating to them states, "for obtaining possession of real property in certain cases," will not lie against the mere assignee of a lease, who has again assigned and delivered possession to his assignee. We are, of course, speaking of an assignment and delivery of possession actually and in good faith made, for the pleadings and unchallenged findings of the jury and the absence from the statement of specifications relating to this matter permit no other assumption as to the character of the assignment and delivery of possession in this case. It is therefore unnecessary to determine what the situation would have been if, as is now contended by respondent, the assignment and delivery by Sladky to Eaton had been fraudulent, for that question is not presented by the record. It is also entirely immaterial, so far as Sladky is concerned, whether or not he had been guilty of a violation of covenants of the lease. He was not guilty of unlawful detainer in retaining possession of the premises after breach of covenants, if there was a breach, so long as notice requiring the surrender of possession of the premises was not served upon him (*Schnittger* v. *Rose,* 139 Cal. 656), and, the lease not forbidding an assignment, he certainly had the legal right to assign it and deliver possession of the premises to the assignee, at any time before service of the notice to quit. Having so done, and not thereafter being either a tenant or in possession of any part of the premises, he could not be guilty of an unlawful detainer, for one can be guilty of unlawful detainer only "when he continues in possession, in person or by subtenant," of the property, or some part thereof, after service upon him of the notice to surrender possession. Such is the express provision of our statute. Not being guilty of an unlawful detainer, he could not be liable for damages in the summary proceeding provided by statute therefor, for the only damages recoverable in such a proceeding are the

damages caused by the unlawful detainer. (Code Civ. Proc., sec. 1174.) For such damages as may have been suffered by plaintiff by reason of any breach of the covenants of the lease by Sladky while he was a tenant under the lease and lawfully in possession of the premises thereunder, plaintiff must resort to the ordinary action, and cannot take advantage of the summary proceeding designed solely to enable him to speedily recover possession of the demised premises and put an end to the lease.

It is well settled that this proceeding can be resorted to only in the cases and by and against the parties mentioned in the statute. (*Martel* v. *Meehan,* 63 Cal. 47.)

The statute is so plain and unambiguous that it is unnecessary to cite authorities in support of the proposition that an assignee who has assigned the lease and delivered possession of the demised property to his assignee prior to the service of the notice to quit does not come within its terms. As was said in the early case of *Reed* v. *Grant,* 4 Cal. 176, "In such an action the 'holding over' is, in fact, the foundation of the action, and must necessarily be proved, like any other substantive fact. If this proof can be dispensed with, then any one may be called on to answer in like manner, for the wrongful holding over of premises, which he may at one time have been in possession of." (See, also, *Steinback* v. *Krone,* 36 Cal. 309, 310.)

Under these circumstances it is immaterial whether or not the evidence was conflicting in regard to other matters. The uncontradicted evidence and the unattacked findings as to the assignment and delivery of possession of Sladky prior to the service of notice to quit conclude the case in his favor, so far as the question of sufficiency of evidence is concerned, and the trial court could not grant a new trial as to him on the ground of insufficiency of the evidence.

No other legal ground for the granting of a new trial as to Sladky appears in the record.

It is ordered that the order granting plaintiff's motion for a new trial be and the same is, so far as it affects the defendant Sladky, hereby reversed.

Shaw, J., Lorigan, J., Henshaw, J., Van Dyke, J., and Beatty, C. J., concurred.