[L. A. No. 2415. Department One.—March 4, 1910.]

# ROBERT F. MORGAN, Appellant, v. J. W. ROBINSON COMPANY (a Corporation), Respondent.

ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL.—It is a settled' rule of this court that where an order granting a new trial is general in its terms, it will be affirmed, if it could properly have been granted on any of the grounds assigned; and that, even though the order declares in terms that the motion is granted for one or more reasons only, the appellate court is not precluded from considering any other assignment upon which the motion should have been granted.

ID.—LIMITATION OF RULE—POWER OF TRIAL COURT—EXCLUSION OF INSUFFICIENCY OF EVIDENCE.—The rule of review upon appeal is subject to the one limitation that the trial court may limit the order granting a new trial so as to exclude as a ground of its action insufficiency of the evidence; but such exclusion to be effectual, should be declared in the order itself.

ID.—COPY OF OPINION NO PART OF RECORD—GOVERNMENT OF NEW TRIAL ORDER.—A copy of an opinion of the trial court giving its reasons for granting the motion, which is printed in the transcript, and not made part of the bill of exceptions, is no part of the record; and' the order granting the new trial must be governed by the bill of exceptions and the terms of the order itself.

ID.—CONTENTS OF OPINION IF AUTHENTICATED NOT CONSIDERED—PRESUMPTION—INSUFFICIENCY OF EVIDENCE.—Even if the opinion was properly authenticated, its contents stating that the new trial was granted solely for error in an instruction, and stating the concurrence of the trial judge with the verdict on all disputed questions of fact, cannot be considered on appeal from the order, which of itself does not exclude insufficiency of the evidence as a ground of the motion. If there is any conflicting evidence, in view of which the trial court might have granted a new trial for insufficiency of the evidence, it must be presumed upon appeal in favor of the order that it was granted on that ground, and it must be affirmed.

ID.—PROVINCE OF TRIAL COURT TO WEIGH EVIDENCE.—The trial court, unlike the appellate court, is not bound by the rule of conflicting evidence, but it is its province and duty, on motion for a new trial, to weigh the evidence, and if in its opinion the weight of the evidence is against the verdict, it is its duty to grant a new trial.

ID.—INJURY TO WORKMAN FROM DESCENDING ELEVATOR—CONFLICTING EVIDENCE—ASSUMPTION OF RISK—PRESUMPTION.—Where plaintiff, while at work on defendant's building, was struck to his injury by a descending elevator, and there was a clear conflict of evidence as to whether plaintiff was informed that defendant had instructed the

operator not to run the elevator while the work was in progress, and had nevertheless directed him to run it, and the court had properly instructed the jury that if they believed the evidence of the operator to that effect, rather than that for plaintiff to the contrary, the facts testified to by him amounted to an assumption by plaintiff of the risk of the injury sustained, it must be presumed, in favor of an order granting a new trial to defendant, after verdict for plaintiff, that it was based on the belief of the judge that the verdict was contrary to the weight of the evidence on that issue.

ID.—NEW TRIAL ORDER NOT SUSTAINABLE ON INSTRUCTION GIVEN—VIOLATION OF AGREEMENT—NEGLECT OF OPERATOR TO WARN.—The order granting the new trial is not sustainable upon an instruction based upon the mutual knowledge of the plaintiff and the elevator man that they were both engaged in dangerous work in the elevator shaft that "if nothing else was said and no other instructions were given by their superiors and the plaintiff and the elevator man agreed that before the elevator was moved the elevator man would call out to the plaintiff and his associates and that he would not move it until they answered 'All right,' and he did move it without calling out, and the plaintiff was injured by reason of such failure, then the plaintiff is entitled to recover."

ID.—RISK NOT ASSUMED UNDER FACTS STATED—UNANTICIPATED NEGLIGENCE.—Under the facts supposed, it cannot be affirmed that risk was necessarily assumed; but such facts assume the negligence of the operator in failing to warn the workers in the elevator shaft. The plaintiff was not bound to assume the risk of the negligence either of his employer, or of the operator, if he had no reason to anticipate the same.

ID.—QUESTIONS OF FACT FOR JURY—NEGLIGENCE—CAUSE OF INJURY—DUTY TO ANTICIPATE—ASSUMPTION OF RISK—The questions whether the operator was negligent, whether his negligence caused plaintiff's injury, and whether plaintiff was bound to foresee the likelihood that such negligence would occur, are questions of fact, which might on the record have been found by the jury for the plaintiff, and if so found, the assumption of risk would have been negatived.

ID.—OPERATOR AND PLAINTIFF EMPLOYED IN DIFFERENT DEPARTMENTS—LIABILITY OF EMPLOYER—AMENDMENT OF CODE.—Under the amendment of 1907 to section 1910 of the Code of Civil Procedure, making the employer liable for the negligence of co-employee engaged in a different department of labor than that of the person injured, the operator of an elevator is engaged in a different department of work than that of a carpenter employed upon the building, and the defendant is chargeable with the negligence of such operator which caused injury to the plaintiff carpenter.

ID.—NEGLIGENCE OF OPERATOR—MATTER OF LAW.—When the facts are such that the only inference is that of want of care, the court may properly charge that negligence is shown as matter of law. It is held that upon the record, there is no room for doubt that the opera-

tor of the elevator showed a lack of due care, if, after having agreed with plaintiff to give warning before starting his elevator, he did start it without giving such warning, and that it cannot be said on the facts supposed and found by the jury, that plaintiff had any reason to anticipate such negligence.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, Ernest E. Wood, and Walton J. Wood, for Appellant.

Hamilton A. Bauer, and Hunsaker & Britt, for Respondent.

SLOSS, J.—This is an action to recover damages for personal injuries. The J. W. Robinson Company was conducting a department store in a building situate on Broadway Street in the city of Los Angeles. During the year 1906 it commenced the construction of a second building to adjoin the rear of the one already occupied by it, with the purpose of connecting the two. The work was done under a contract with one Low, who agreed, for a commission on the cost of labor and materials, to supervise the construction and attend to the buying of materials and the hiring of labor necessary in the construction of said new building by the Robinson Company. Morgan, the plaintiff herein, was employed by Low as a carpenter, and was engaged in work under Low's direction for a number of months. At the rear of the old building there was a freight elevator inclosed in a brick shaft. In the course of the construction of the new building it became necessary to enter said shaft for the purpose of doing certain carpenter work in connection with the bridging between the floors of the two buildings. Morgan and another carpenter named Patchen were directed by the foreman to drive a hole into the elevator shaft and do this work. They had been engaged in work inside the shaft for two or three days when Morgan received the injury upon which this action is based. Connected with the elevator were heavy metal counter weights which moved up or down in the direction opposite to that taken by the elevator. Morgan and Patchen were at work preparing wooden forms

or moulds to hold the concrete which was to be put around a steel beam which went through the shaft. Morgan was seated upon this beam, which was in close proximity to the line of movement of the counter weights. The elevator had been at a standstill at the next floor above the carpenters. The operator started the elevator upward, whereupon the weights descended and struck Morgan, inflicting upon him the injuries complained of. The trial resulted in a verdict in his favor for five thousand dollars. A motion for new trial was interposed by the defendant and this motion was granted by the court. This appeal is by the plaintiff from the order granting the defendant's motion for a new trial.

The theory of the plaintiff was that when he and Patchen commenced to work in the shaft, they had made an agreement or come to an understanding with Pfaeffle, the elevator operator, to the effect that Pfaeffle should give warning by shouting to them before starting his elevator, and that he had followed this course during the two or three days preceding the accident. On the occasion of plaintiff's injury, however, no such warning had been given, and, in consequence, Morgan had failed to put himself in a position of safety and had been struck by the descending weights. The defendant, on the other hand, contended that explicit instructions had been given to the elevator operator to the effect that the elevator was not to be operated while the carpenters were at work in the shaft, and that Morgan and Patchen had directed Pfaeffle to run his elevator in disregard of these instructions, which had been brought to their notice, stating that there was no danger and that they would not interfere with the elevator.

The motion for new trial was based on various grounds, including the insufficiency of the evidence. The order granting the new trial was general in its terms. It stated merely that defendant's motion for new trial "is ordered to be and the same is hereby granted."

There can be no question, under the settled rule of this court, that where an order granting a new trial is thus general in its terms, it will be affirmed if it could properly have been granted on any of the grounds assigned. (*White* v. *Merrill,* 82 Cal. 14, [22 Pac. 1129]; *Kauffman* v. *Maier,* 94 Cal. 269, [29 Pac. 481]; *Newman* v. *Overland Pac. Ry. Co.,* 132 Cal. 73, [64 Pac. 110]; *Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 619,

[75 Pac. 332] ; *Thompson* v. *California Cons. Co.,* 148 Cal. 35, [82 Pac. 367] ; *Wendling Lumber Co.* v. *Glenwood Lumber Co.,* 153 Cal. 411, [95 Pac. 1029].) Even though the order declare in terms that the motion is granted for one or more reasons only, the appellate court is not precluded from considering any other assignment upon which the motion should have been granted. (*Kauffman* v. *Maier,* 94 Cal. 269, [29 Pac. 481].) This rule is subject to the one limitation that the trial court may limit its order granting the motion so as to exclude, as a ground for its action, the insufficiency of the evidence, (*Weisser* v. *Southern Pacific Ry. Co.,* 148 Cal. 426, [83 Pac. 439], but such exclusion, to be effectual, must be declared in the order itself. (*Weisser* v. *Southern Pacific Co.,* 148 Cal. 426, [83 Pac. 439] ; *Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 619, [75 Pac. 332] ; *Newman* v. *Overland Pac. Ry. Co.,* 132 Cal. 73, [64 Pac. 110].)

In the case at bar the transcript contains what purports to be a copy of the opinion of the court in granting the motion, and this opinion places the order solely upon a supposed error of the trial court in instructing the jury. It expressly declares the concurrence of the learned judge in the findings of the jury on disputed issues of fact. This opinion is not included in the bill of exceptions and is no part of the record, but even though it had been duly authenticated, it could not, under the authorities already cited, be considered for any purpose on this appeal. There is, therefore, no merit in the appellant's contention that we are here to treat that opinion as declaring the views of the trial judge on the question of the sufficiency of the evidence. We must look solely to the bill of exceptions and to the order granting a new trial, and if that order might properly have been granted upon the ground that the evidence on any material issue was not sufficient to sustain the verdict, the order must be affirmed.

On the question whether or not Morgan was informed when he went to work that the elevator operator had been directed not to run the elevator during the time the work was in progress, and had in the face of that information directed the operator to go ahead and run the elevator nevertheless, there is a clear conflict of evidence. The operator himself testified that the facts were as contended by defendant, whereas Morgan and Patchen testified to the contrary. While an appellate

court will not review a finding or a verdict where the evidence shows a substantial conflict, the trial court is guided by very different considerations. Notwithstanding such conflict, the court below, if satisfied that the verdict is against the weight of the evidence, may, indeed should, grant a new trial, although upon the same conflict the appellate court would be bound by the verdict. (*Estate of Martin,* 113 Cal. 479, [45 Pac. 813]; *Drathman* v. *Cohen,* 139 Cal. 310, [73 Pac. 181].) We must, therefore, in support of the order, assume that the judge below believed the verdict of the jury to be contrary to the weight of the evidence on this issue, and based the order on this belief. We cannot say, on the record before us, that this conclusion involved an abuse of discretion. The appellant does not question the correctness of the instruction which told the jury that if the facts were as testified to by Pfaeffle, plaintiff's conduct amounted to an assumption of the risk of injury resulting from the running of the elevator, and we have no doubt that it was correct as matter of law.

Inasmuch, however, as the case must be tried anew, it will be well to consider whether the court was in fact in error in giving the instruction which was treated by it in its opinion as furnishing a ground for granting the motion. That instruction reads as follows:—

"The plaintiff when he was injured was engaged in a dangerous undertaking, and he knew it was dangerous when he undertook it. The elevator man knew that the plaintiff was at dangerous work in the elevator shaft. Now, if nothing else was said and no other instructions were given by their superiors and the plaintiff and the elevator man agreed that before the elevator was moved the elevator man would call out to the plaintiff and his associate and that he would not move it until they answered 'All right,' and he did move it without calling out, and the plaintiff was injured by reason of such failure, then the plaintiff is entitled to recover."

If we could look to the opinion of the learned judge below, it would appear that he came to the conclusion that, under the facts supposed, the plaintiff assumed the risk of just such an occurrence as the one that caused his injury. It is now urged by respondent that the order appealed from should be affirmed for this reason. We think, however, that such a holding would involve an unwarrantable extension of the

CLVII Cal.—23

doctrine of assumption of risk. If all the circumstances—including the location of the plaintiff, the condition and method of operation of the elevator, and the previous relations between the plaintiff and Pfaeffle—were such as to impose upon Pfaeffle, as an "ordinarily prudent man" the duty of giving warning before starting the elevator, then his failure to give warning was negligence. That the plaintiff, by going into the shaft to work, assumed all risks naturally and obviously incident to the physical situation, is clear. It is apparent that there must be a certain degree of danger involved in working in a shaft within which an elevator is being operated. That danger plaintiff was aware of, and it was assumed by him. But he was not bound to assume the risk which would result from the negligent use by defendant of the instrumentalities used in the place of work, and his testimony that he "took the chance" is not to be interpreted to mean that he assumed the risk of such negligence. The authorities seem clear to the effect that an employee voluntarily putting himself in a place of danger does not thereby necessarily assume the risk of injury from the want of care of his employer. (*Texas etc. R. R. Co.* v. *Kelly,* 98 Tex. 123, [80 S. W. 79]; *Schulz* v. *Chicago etc. Ry. Co.,* 57 Minn. 271, [59 N. W. 192]; *Malcolm* v. *Fuller,* 152 Mass. 160, [25 N. E. 83]; *Texas Mex. Ry. Co.* v. *Higgins,* 44 Tex. Civ. App. 523, [99 S. W. 200]; *Vindicator Cons. G. M. Co.* v. *Firstbrook,* 36 Colo. 498, [83 Pac. 313]; *Illinois Steel Co.* v. *Ziemkowski,* 220 Ill. 324, [77 N. E. 190]; *Moran* v. *Harris,* 63 Iowa, 390, [19 N. W. 278].) In *Texas Mex. Ry. Co.* v. *Higgins,* 44 Tex. Civ. App. 523, [99 S. W. 200], the rule is thus stated: "The risk assumed by a servant as incident to his employment precludes negligence of the master which adds to or augments the risk, unless such negligence and the superadded danger incident thereto were known to the employee, or he had such facts in mind as charged him with such knowledge. He has the right to presume and act upon the presumption that the master will exercise ordinary care in the conduct of his business to prevent anything being done which will increase the danger incident to his employment." Applying the doctrine to the facts of this case, the plaintiff did not assume the risk that he would be injured by Pfaeffle's negligent management of the elevator, unless he had reason to anticipate such negligence. Whether Pfaeffle was negligent, whether his

negligence caused plaintiff's injury, and whether plaintiff was
bound to foresee the likelihood that such negligence would
occur, were all questions of fact, which might, on this record,
have been found in favor of plaintiff. If so found, the defense
of assumption of risk would have been negatived.

It is urged, however, that, if the liability of defendant is to
be rested on the negligence of Pfaeffle, the plaintiff is pre-
cluded from recovery by the fact that he and Pfaeffle were
fellow-servants. Such was the holding in *Mann* v. *O'Sullivan,*
126 Cal. 61, [77 Am. St. Rep. 149, 58 Pac. 375], a case some-
what similar to the one at bar. But since the decision in the
case just cited, section 1970 of the Civil Code has been amended.
(Stats. 1907, p. 119.) The accident to Morgan occurred after
the amending statute had taken effect. As the law now reads,
the exemption of an employer from liability for injuries sus-
tained by a servant through the negligence of a fellow-servant
is limited by the proviso that liability shall exist when the
injury results "from the wrongful act, neglect or default of a
co-employee engaged in another department of labor from that
of the employee injured." We need not here undertake to
define with precision the term "department of labor." What-
ever may be the exact meaning of the phrase, it can require
no argument to show that a carpenter occupied in the con-
struction of a building and a man operating a freight elevator
used in a retail store are engaged in different "departments of
labor."

From these views it follows that the mere fact that Morgan
went to work in the elevator shaft, knowing that there was an
element of danger in so working, did not necessitate the con-
clusion that he thereby assumed the risk of any injury that
might be sustained by him.

While the standard of care required under given circum-
stances·is ordinarily a question of fact, and one for the determi-
nation of the jury, we should not, if this were the only ques-
tion in the case, be inclined to hold that the court erred in
declaring in the instruction quoted, that on the facts supposed,
plaintiff was entitled to recover. Where the facts are such
that the only reasonable inference is that of want of care, the
court may properly charge that negligence is shown as matter
of law. We think that the record before us leaves no room for
doubt that Pfaeffle showed a lack of due care if, after having.

agreed with plaintiff to give warning before starting his elevator, he did start it without giving such warning. Nor, on the facts supposed and found by the jury, can it be said that Morgan had any reason to anticipate such negligence. But, inasmuch as the evidence may be different on another trial, we think it would be safer to submit to the jury the questions whether, in violating the alleged agreement, Pfaeffle was negligent, and whether plaintiff should have foreseen the likelihood of such violation.

There are other grounds on which, as respondent claims, the order might be supported. It will hardly be necessary to refer to these in detail. The alleged errors in admitting evidence, if they were errors, were too trivial to be regarded as prejudicial. The instruction that plaintiff and the operator were fellow-servants was properly refused, for reasons above stated. The question of assumption of risk—concerning which an instruction requested by defendant was refused—was sufficiently covered by instructions given. The requested instruction defining contributory negligence might well have been given, although the failure to give it was perhaps, under the peculiar facts of the case, not harmful to defendant.

The order is affirmed.

Angellotti, J., and Shaw, J., concurred.