[Civ. No. 924.   Second Appellate District.—April 3, 1911.]

## MARTIN EGAN, Respondent, v. THE SOUTHERN PACIFIC COMPANY, a Corporation, Appellant.

NEGLIGENCE—INJURY TO TRACK LABORER—BACKING OF TRAIN WITHOUT WARNING—CONDUCTOR'S KNOWLEDGE—CONTRIBUTORY NEGLIGENCE—QUESTIONS OF FACT.—In an action by a track laborer employed by defendant to repair its track, for injuries caused by the backing of a train on him by its conductor, who had knowledge of such repair of the track, without warning or placing anyone upon the rear of the car for that purpose, it is held the matter of the negligence of the defendant and of the contributory negligence of the plaintiff were questions of fact for the jury, both of which were resolved against the defendant and in favor of the plaintiff by the verdict for the plaintiff.

ID.—GROSS NEGLIGENCE IN OPERATION OF TRAIN.—It was a negligent operation of the train approaching wantonness for one in charge thereof to back the train with knowledge that persons were employed and engaged in working upon the track in repairs thereof, without any kind of proper warning.

ID.—ABSENCE OF CONTRIBUTORY NEGLIGENCE—LAST OBSERVATION OF TRAIN AS MOTIONLESS.—There was no contributory negligence when, according to plaintiff's last observation of the train, it was motionless at a distance from him on the main track, and not connected with the siding where he was engaged in repair work. With that observation, it was his duty to resume work, and he was rightfully upon the track engaged in his work, and was not bound to anticipate a sudden switching and backing of the train upon the siding without warning. If it was his duty to watch always, then he could have no duty to work, for he could not work and at the same time observe the approach of a backing train, without warning, on the sidetrack.

ID.—DIFFERENT POSITION OF WORKMAN UPON TRACK AND STRANGER CROSSING TRACK.—A workman thus employed upon the track in its repair occupies a very different position from that of a pedestrian or stranger entering upon the track and using the same as a thoroughfare, or seeking to cross the same. The same strictness of care is not required of the former as of the latter.

ID.—RIGHTFUL POSITION UPON TRACK OF EMPLOYEE — ASSUMPTION AGAINST NEGLIGENCE.—The plaintiff, being rightfully upon the track and in the performance of a duty enjoined upon him by the defendant in the exercise of an employment upon the track, had a right to assume that the train would not be backed down upon him without warning, and it cannot be said that he contributed to his own injury in the doing of that which his employment required that he should do.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, and D. C. McGarvin, for Appellant.

Morton, Riddle & Hollzer, for Respondent.

ALLEN, P. J.—The action was one by a laborer in defendant's employ for the recovery of damages on account of personal injuries. The plaintiff, an old and experienced track laborer, was employed by defendant and engaged at the time of the accident as a member of a gang repairing defendant's roadbed at a point near a siding. Upon the siding at the time of the accident was a gravel train. A water train of ten or twelve cars approached the siding and when some four hundred feet therefrom, the water train was cut in two and the

engine and five or six cars were run up above the point where
the siding intersected the main track. The main track was
constructed on a one per cent grade from the point where the
water train first stopped to and above the siding. The en-
gineer in charge of the water train, when moving up the grade,
noticed and saw the men engaged in work upon the track.
After the engine with these cars had proceeded up the track
to a point above the intersection of the switch with the main
track, one of the water cars was detached, and under the
charge of a brakeman was run down by gravity below the
point of the switch, where it was taken up by the engine of
the gravel train and attached thereto. While this car was
being disposed of, plaintiff discontinued his work upon the
track. After the car was taken up by the gravel-train engine,
plaintiff looked up the track and saw the engine with the four
or five remaining cars standing motionless, no one being in
sight, except the fireman, who was sitting in the cab door with
his feet upon the steps. Plaintiff then resumed his work,
standing outside the main track but with a pick endeavoring
to remove stones and earth supporting the ties upon which
the rails were laid. While thus engaged in work those in
charge of the engine and water cars above plaintiff, without
any warning or signal, backed the same down the track, and
by reason of the grade no indication of their approach was
observed by plaintiff, and no one was upon the rear end of the
train thus being backed down to give any warning, nor was
any warning given by anyone of the approach of the train
by bell, whistle, or otherwise. The result was that plaintiff
was struck by the rear car thus being backed down and seri-
ously injured. Had plaintiff been apprised of the approach
of the train, a single step backward would have removed him
from the place of danger. Evidence is in the record tending
to establish all of the foregoing facts. A verdict was returned
in favor of plaintiff and a judgment rendered thereon, from
which judgment and an order denying a new trial defendant
appeals.

But two questions are presented by appellant. The first is
a contention that the testimony shows no negligence on de-
fendant's part; and, second, that contributory negligence is
shown on the part of plaintiff sufficient to preclude his re-
covery. Both of these matters were of necessity resolved

against appellant by the jury in reaching its verdict, and both are questions of fact, and should not be disturbed if there is any evidence in their support. We are of opinion that under the circumstances connected with the operation of this train negligence was clearly shown. It cannot be said that one in charge of the operation of a railroad train, with knowledge that persons are employed and engaged in work upon the track, is warranted in backing a train, as was done in this instance, without warning and without having anyone upon the rear end to observe necessity for warning, where, as in this case, it was not possible for the engineer or fireman to see who or what was upon the track over which they were seeking to back the train. It was a negligent operation of the train approaching wantonness. Nor do we believe that the record discloses contributory negligence upon the part of plaintiff. It cannot be disputed that one familiar with the dangers connected with an employment as a general rule assumes the risks incident thereto, and that a railroad track upon which trains are run is itself a warning to persons of discretion and intelligence of its dangerous character and the necessity for the exercise of care in its use. Applying these rules to plaintiff, however, it is clearly shown that he did look and saw a motionless train a distance from him upon the main track. There was nothing to indicate an intention of immediate action upon the part of those in charge. Plaintiff was there to work, and to this work it was his duty to give attention. Having first exercised his sense of sight and no imminent danger being evident, it was his duty to resume work, and he was rightfully upon the track. If it be said that it is the duty of one thus employed to be constantly exercising his sense of sight, it is the equivalent of saying that he must not work when a train is standing upon the track above him, for he could not work and at the same time observe the approach of the train. One thus employed upon the track occupies a very different position from the pedestrian or stranger entering upon the track and using the same as a thoroughfare or seeking to cross the same. In both instances care and the exercise of the senses are required before entering upon the place of danger, but the duty which devolves upon the one to continue the exercise of his sense of sight should not be held to devolve with the

15 Cal. App.—49

same strictness upon the other employed by the railroad company to work upon such track. Plaintiff being rightfully upon the track and in the performance of a duty enjoined upon him by the defendant in the exercise of an employment upon said track, had a right to assume that the train would not be backed down upon him without warning, and it should not be said that he contributed to his own injury in the doing of that which his employment required that he should do. (*Morgan* v. *Robinson Co.*, 157 Cal. 348, [107 Pac. 695].) The evidence supported the findings implied by the verdict, and we see no error in the action of the court denying a new trial.

Judgment and order affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 2, 1911.