[L. A. No. 2546. In Bank.—April 2, 1912.]

JOHN A. GORDON, Appellant, v. WILLIAM B. ROBERTS and JAMES A. ROBERTS, Copartners doing business under the firm name of Roberts Construction Company, and JAMES B. LANKERSHIM, and ACHILLE BIORCI, Respondents.

NEW TRIAL—AFFIRMANCE OF ORDER GRANTING.—Where a motion for a new trial was based on various grounds, and an order granting it was general in its terms, the order must be affirmed if it could have been granted on any of the grounds assigned.

ID.—LIMITED REASONS FOR ORDER—REVIEW OF ORDER ON APPEAL—INSUFFICIENCY OF EVIDENCE.—Even if the court had undertaken to limit the reasons for granting the motion, the appellate court would not be precluded from considering any of the grounds which the trial court had excluded from view, except only the one of insufficiency of evidence. And this ground will also be looked to for justification of the order, unless the trial court has, by the express terms of its order, excluded it as one of the grounds for making the order.

ID.—ABUSE OF DISCRETION—CONFLICT OF EVIDENCE.—An order granting or denying a new trial for insufficiency of the evidence is conclusive upon the appellate court, unless there has been an abuse of discretion. And, if there is a substantial conflict in the evidence,

the trial court will not be deemed to have abused its discretion when it has determined that the verdict or. the finding is against the weight of the evidence, and that there should be a new trial.

ID.—NEGLIGENCE — TRESTLE FALLING WITHIN BUILDING BEING CONSTRUCTED—INJURY TO PERSON ON SIDEWALK.—The mere fact that a person standing on a sidewalk in front of a building in course of construction was injured by the falling from within the building of a wooden trestle used in the building, is sufficient to make out a *prima facie* case of negligence on the part of the person responsible for the management of the trestle.

ID.—INJURY TO PERSON UNLAWFULLY WITHIN BUILDING—WILLFUL OR MALICIOUS INJURY.—If, on the other hand, the person injured, without having any lawful business or occasion to enter the building, did enter it without invitation, and in defiance of warnings, and while therein was so injured, he would have no redress, unless his injury was the result of the willful or malicious act of the person responsible for the management of the trestle.

ID.—EVIDENCE THAT PERSON INJURED WAS WITHIN BUILDING.—In the present case the evidence as to the situation of the plaintiff at the time of the injury is held to be in substantial conflict, and that there was sufficient evidence of the fact of his being unlawfully within the building at the time of the injury to warrant the trial court in granting a new trial on that ground.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Gavin W. Craig, and C. H. Slease, for Appellant.

M. E. C. Munday, for Respondents.

SLOSS, J.—The action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendants. The trial resulted in a verdict and judgment in favor of the plaintiff in the sum of two thousand dollars. The defendants Lankershim and Biorci moved for a new trial, and the court below made an order granting their motion. From this order the plaintiff appeals.

The complaint alleges that the defendant Lankershim was erecting a building in the city of Los Angeles; that the defendants Biorci and Roberts Construction Company were

employed by him in the construction; that while plaintiff was standing on the sidewalk in front of said building, he was struck and injured by a timber which, through the negligence of the defendants, fell from within the building. Lankershim and Biorci answered separately. It is sufficient for the present purpose to say that each of the answers denied that plaintiff had sustained injuries in the manner asserted by him, and averred that such injuries were received by plaintiff while he was, in disregard of warnings posted at the entrance, within the building as a trespasser, and were caused by the accidental tipping and falling of a trestle which was being used in the work of painting the walls.

The motion for new trial was based on various grounds. The order granting the motion was general in its terms. It must, therefore, be affirmed if it could properly have been granted on any of the grounds assigned. (*White* v. *Merrill*, 82 Cal. 14, [22 Pac. 1129]; *Kauffman* v. *Maier*, 94 Cal. 269, [29 Pac. 481]; *Thompson* v. *California Constr. Co.*, 148 Cal. 35, [82 Pac. 367]; *Wendling Lumber Co.* v. *Glenwood L. Co.*, 153 Cal. 411, [95 Pac. 1029]; *Morgan* v. *J. W. Robinson Co.*, 157 Cal. 348, [107 Pac. 695].) Even if the court had undertaken to limit the reasons for granting the motion, the appellate court would not be precluded from considering any of the grounds which the trial court had excluded from view (*Kauffman* v. *Maier*, 94 Cal. 269, [29 Pac. 481]) excepting only the one of insufficiency of evidence. (*Weisser* v. *Southern Pacific Ry. Co.*, 148 Cal. 426, [7 Ann. Cas. 636, 83 Pac. 439]; *Bresee* v. *Traction Co.*, 149 Cal. 131, [5 L. R. A. (N. S.) 1059, 85 Pac. 152].) And this ground will also be looked to for justification of the order granting a new trial, unless the trial court has, by the express terms of its order, excluded it as one of the grounds for making the order. (*Weisser* v. *Southern Pacific Ry. Co.*, 148 Cal. 426, [7 Ann. Cas. 636, 83 Pac. 439]; *Ben. Lomond Wine Co.* v. *Sladky*, 141 Cal. 619, [75 Pac. 332]; *Morgan* v. *J. W. Robinson Co.*, 157 Cal. 348, [107 Pac. 695].) As suggested, the order before us was not limited in any way, and it must, on this appeal, be treated as if granted on the ground of insufficiency of evidence, or any other ground assigned.

This court has frequently commented upon the wide extent of the discretion of the trial court in granting or denying a

new trial for insufficiency of evidence. "Its action," as was said in *Domico* v. *Casassa,* 101 Cal. 411, [35 Pac. 1024], "is conclusive upon this court, unless there has been an abuse of discretion." And, if there is a substantial conflict in the evidence, the trial court will not be deemed to have abused its discretion when it has determined that the verdict or the finding is against the weight of the evidence, and that there should be a new trial. "When the evidence is conflicting, the trial court is authorized to review it, and if, in its opinion, the verdict is against the weight of evidence, it is its duty to grant a new trial." (*Warner* v. *Thomas etc. Works,* 105 Cal. 409, [38 Pac. 960]. See, also, *Bjorman* v. *F. B. R. R. Co.,* 92 Cal. 500, [28 Pac. 591]; *Cole* v. *Wilcox,* 99 Cal. 549, [34 Pac. 114]; *Bledsoe* v. *De Crow,* 132 Cal. 312, [64 Pac. 397].)

We think that, on the main question in controversy here, there was a sufficient conflict to justify the court below in concluding as it must be deemed to have concluded, that the verdict was against the weight of the evidence, and that justice would be promoted by a new trial. The decisive issue relates to the position of the plaintiff at the time of the injury. That he was injured by the fall of a wooden trestle used in the building is not open to doubt. If, as he claimed, he was standing on the sidewalk, the mere fact that the trestle fell upon him from within is sufficient to make out a *prima facie* case of negligence on the part of the person or persons responsible for the management of the trestle. (*Byrne* v. *Boodle,* 2 H. & C. 722; *Scott* v. *London Dock Co.,* 3 H. & C. 596; *Mullen* v. *St. John,* 57 N. Y. 567, [15 Am. Rep. 530].) And there was nothing to overcome this *prima facie* showing. On the other hand, if the plaintiff, without having any lawful business or occasion to enter the building, did enter it without invitation, and in defiance of warnings, and while therein, was injured, he would have no redress, unless his injury was the result of the willful or malicious act of one of the defendants.

It was shown, on the trial, that the defendant Lankershim was the owner of a building in course of construction, situated at the southeasterly corner of Main and Fourth streets, in the city of Los Angeles. The contractors in charge of the general work of construction were the defendants William B. and James A. Roberts, doing business as the Roberts Construction Company. Their contract did not, however, include the paint-

ing and decorating of the entrance hall. This part of the work was being done by the defendant Biorci, who was working under a contract with the owner, Lankershim. There was testimony to the effect that, under this contract, Lankershim agreed to have the general contractors furnish the scaffold or trestle required for the painting, and move it as needed.

At the time of the occurrence in question, such a trestle had been provided and was in use by one of Biorci's men, occupied in painting the north wall of the entrance hall. The testimony on the part of the plaintiff tended to prove that another man attempted to move the trestle, whereupon it fell over in such manner that one end protruded from the entrance of the building, striking the plaintiff upon the left shoulder. The plaintiff, according to the testimony of two witnesses besides himself, was standing on the sidewalk, about five feet from the entrance of the building. No witness directly contradicted this statement, and none testified that he had at any time seen the plaintiff within the building.

But the defendants offered testimony to show the physical conditions and surroundings which, as they claimed, demonstrated that plaintiff could not have been struck by the falling trestle unless he had been inside of the building. The principal entrance was on the westerly, or Main Street, frontage of the building. The opening was twelve feet in width, and led to a hall of like width, running easterly into the building from the sidewalk line. On the southerly side of this hallway there was a stairway, running down to the basement. The stairs were separated from the hallway by a concrete coping, running along the northerly line of the staircase for a distance of about fifteen feet, and thence at a right angle, across the width of the stairs, to the south wall of the hallway. This coping, which was about twenty-two inches high, began about two and one-half feet from the front of the building. The distance between the coping and the north wall of the entrance hall was about eight feet.

The trestle which, in its fall, struck and injured the plaintiff was about sixteen feet long, and about fourteen feet high. The top upon which workmen were to stand, consisted of a 2 by 10 plank running the length of the trestle. The upper part of the trestle was supported by four legs, two at either end of the trestle. These legs, which were braced by cross-pieces,

were spread so as to separate each pair at the floor end by about four feet.

There was evidence that, just prior to the accident, this trestle was standing within the entrance hall, parallel with and close to the north wall of said hall, and that one of Biorci's employees was on the trestle, painting the north wall. The end of the trestle nearest Main Street was inside, i. e. east of a column, eighteen inches deep and three feet wide, which was placed at the northerly end of the entrance opening. The testimony on behalf of plaintiff was that the trestle was placed diagonally, but there was a conflict on this point, and the version of the defendants was far from improbable, in view of the fact that a man standing on the trestle would not have been within easy reach of more than a small space on the wall which he was painting if the trestle had been placed at an angle. Biorci himself, with another of his employees, was working further back in the hall. He heard something fall, and, coming forward, found the trestle lying on its side. The man who had been on it was just coming up the stairs from the basement. He had, apparently, been thrown over the coping, onto these stairs, when the trestle fell. His pot of paint was lying on the third or fourth step, and paint was running down the steps and was scattered over some marble which was leaning against the concrete coping. The trestle did not "go out in the street." Another witness, who was on the spot shortly after the fall of the trestle, and before it had been righted, found it lying "right square over the curbing (coping) and marble," and not "out in the street." A third testified to the same effect, stating that no portion of the trestle was "beyond the line of the front of the entrance" or "extending onto the sidewalk."

In this state of the evidence, it seems clear that there was a substantial conflict on the question whether any part of the trestle projected over or onto the sidewalk, and, consequently, whether the plaintiff, when he was struck, was on the sidewalk, as he and his witnesses testified. While no one testified directly to having seen the plaintiff within the building, the facts concerning the location and dimensions of the trestle, and the measurements of the space in which it was, were such as to justify the inference that the witnesses who stated that the trestle projected over the building line, and

struck the plaintiff while he was on the sidewalk, were not stating the facts correctly. We do not say that the case comes within the rule that the trial court or jury is not bound to accept even the uncontradicted testimony of a witness, if the statement be inherently improbable. (*Blankman* v. *Vallejo*, 15 Cal. 645; *Baker* v. *Fireman's Fund Ins. Co.*, 79 Cal 41, [21 Pac. 357]; *McLennan* v. *Bank of California*, 87 Cal. 575, [25 Pac. 760].) Here the testimony regarding plaintiff's position *was* contradicted by evidence of physical conditions tending to show that such testimony was untrue. If the trestle, sixteen feet long and fourteen feet high, standing parallel to the north wall inside of an entrance eight feet wide, tipped over in such manner that it lay entirely within the building, directly across the coping on the southerly side of the hall, these circumstances were very persuasive evidence to show that the falling trestle did not strike any one standing on the sidewalk. Under the rule announced above, it cannot be said that the trial court abused its discretion in granting a new trial on the ground of insufficiency of evidence.

This conclusion renders it unnecessary to consider at any length the other assignments of error relied on by respondents to justify the order under review. Some of the questions are not likely to arise again. Of this class is the alleged error of the court in permitting the foreman to sign the special findings after the discharge of the jury.

Whether, under the facts in evidence, Biorci or the Roberts Construction Company, or both, were independent contractors, so as to exempt Lankershim from liability for the negligence, if any, of either, is a question discussed in the briefs. There is no substantial difference between the parties regarding the nature and legal effect of the relation of independent contractor. Ordinarily, of course, the existence or non-existence of this relation is a question of fact for the jury, but there are cases in which the proof is such that the court may declare the result as a matter of law. As the evidence may be different on another trial, we express no opinion on the conclusions to be drawn from the facts here shown.

Of the instructions, all that need be said is that any reference to "vice-principal" should have been omitted, as the expression is not applicable to a case of this character, but is

used in connection with actions of servants against masters to recover damages sustained by the negligence of other servants. The order is affirmed.

Angellotti, J., Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.