[Civ. No. 2493.   First Appellate District, Division One.—January 13, 1919.]

## C. K. KARST, Appellant, v. THOMAS F. FINN, Sheriff of the City and County of San Francisco, et al., Respondents.

APPEAL—NEW TRIAL—GENERAL ORDER GRANTING—PRESUMPTION AS TO GROUND.—Where one of the grounds upon which a motion for a new trial is made is the insufficiency of the evidence to justify the verdict, and the new trial is granted by the trial court without specifying the ground of its action, the appellate court will presume in support of the order that it was made upon the ground of the insufficiency of the evidence.

NEW TRIAL—AUTHORITY OF TRIAL COURT.—The superior court is authorized to grant a new trial if in its opinion the verdict is against the weight of evidence, and its action in that respect can be reviewed on appeal only when its discretion has been abused.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting a new trial. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. C. Ringolsky, M. H. Wascerwitz and H. A. I. Wolch for Appellant.

Arnold C. Lackenbach, R. Porter Ashe and Ralph W. Du Val for Respondents.

KERRIGAN, J.—This is an action in conversion. Plaintiff alleges in her complaint that she was the owner and entitled to the possession of a certain automobile, which she alleges was wrongfully taken away, converted, and sold by defendant, Thomas F. Finn, sheriff of the city and county of San Francisco, to satisfy a judgment which the sheriff's codefendant, Cuyler Lee, had obtained against one E. J. White.

The trial was had before a jury, which returned a verdict for plaintiff in the sum of $750 damages against both defendants.

Thereafter defendants moved for a new trial, which was granted, and the plaintiff appeals from that order.

89 Cal. App.—24

One of the grounds upon which the motion for a new trial was made is the insufficiency of the evidence to justify the verdict, and the evidence is before us. The order of the court granting a new trial is in general terms, without specifying the grounds of this action; and, in support of the order, we will assume that it was made upon the ground of insufficiency of the evidence. (*Weisser* v. *Southern Pacific Co.*, 148 Cal. 426, [7 Ann. Cas. 636, 83 Pac. 439]; *Morgan* v. *J. W. Robinson Co.*, 157 Cal. 348, [107 Pac. 695]; *Gordon* v. *Roberts*, 162 Cal. 506, [123 Pac. 288].)

It is also the rule, firmly established, that the superior court is authorized to grant a new trial if in its opinion the verdict is against the weight of evidence. Its action in so doing is the exercise of a legal discretion, which has been confided to it, and can be reviewed on appeal only when it is made to appear that the discretion was abused. (*Harrison* v. *Sutter St. Ry. Co.*, 116 Cal. 156, [47 Pac. 1019].)

It is abundantly apparent that the trial court in this case was dissatisfied with the sufficiency of the evidence to support the verdict; in fact a perusal of the record convinces us that the court could hardly have reached any other conclusion. In any event, the records show that there was no abuse of discretion in granting a new trial, but, on the contrary, that the court exercised a sound discretion in making the order complained of. From the evidence, briefly summarized, it appears that on March 22, 1915, E. J. White entered into a contract of conditional sale with Don Lee for the purchase of a 1914 Cadillac automobile. Upon the execution of the contract White took possession of the machine and thereafter had open, exclusive, and uninterrupted possession and control thereof until March 5, 1917. White during this period did business for a brief space of time under the names of "The White Star Line Auto Touring Co." and "The San Francisco Taxi Car Co." He registered the car at the State Motor Vehicle Bureau under the name of "The White Star Line Auto Touring Co.," and received a 1915 license under that name. In 1916 he registered it under the name of "The San Francisco Taxi Car Co.," and received a 1916 license under that name. The car, during all of the time from March 22, 1915, until the levy of the execution by the sheriff in March, 1917, was insured against loss by fire or theft in favor of E. J. White. The car was assessed for taxes in 1916 to E. J. White,

the assessment statement containing an affidavit of ownership executed by E. J. White. White testified that he made all the installment payments on the machine "but the last one." Twelve letters offered in evidence by the defendants conclusively show that the automobile was paid for by White, never a mention of plaintiff's name being directly or indirectly made. He partially paid cash for the car, and partially paid for it by transferring to Don Lee a 1913 Cadillac machine, receiving thereby a credit on the price of $540. The bill of sale to Don Lee for the 1913 Cadillac was executed by White. Finally, White became financially involved. On February 19, 1917, Cuyler Lee obtained a judgment against him. While findings of fact were being prepared for submission to the trial judge, White took plaintiff to the office of Don Lee, made the final payment, and requested that Don Lee execute the bill of sale to the plaintiff, and it is under this bill of sale that the plaintiff claims to own the car. As to the contract entered into by White for the purchase of the machine, she claims that it was done "to start a business for her." And yet White and appellant both testified that during all of the time after the signing of the contract of conditional sale, he (White) had exclusive and continuous possession of the machine; that not a word was said between them concerning the arrangement; that he agreed to pay no rental to plaintiff, nor did she ask any; that not a word was said by her when White received the car from Don Lee and thereafter retained exclusive control thereof for a period of two years; that no salaries were arranged for; that while plaintiff had White purchase the car for her as an investment, not one word was ever breathed between the two concerning the plan of dividing the profits and losses.

As before stated, it is clear that the trial court arrived at the conclusion that this evidence was insufficient to warrant the verdict in plaintiff's favor. The order granting a new trial should be affirmed, and it is so ordered.

Waste, P. J., and Richards, J., concurred.