[Civ. No. 10909.   First Appellate District, Division Two.—December 13, 1939.]

VIVIAN EVJU, Individually and as Administratrix, etc., Appellant, v. BARBERS' UNION, LOCAL 134 (An Unincorporated Association), Respondent.

Edward E. Craig and Herbert Johnson for Appellant.

Lionel B. Benas and Guy McCoy for Respondent.

NOURSE, P. J.—Plaintiff sued to recover salary alleged to be due the estate of Carl Evju, deceased.  A jury's verdict favorable to plaintiff was set aside by order granting a new trial.  The appeal is taken from this order.

The decedent was elected secretary-treasurer of defendant union in January, 1934, when the union by-laws

fixed the salary of his office at $50 a week. The decedent's predecessor in office had voluntarily taken a cut in salary to $160 a month because of a decrease in union receipts. The decedent knew of this arrangement and voluntarily took the same reduction in all the pay checks which he made out during the full term of his employment, which ended in February, 1937. The question presented to the jury was a mixed one of law and fact—whether the evidence supported the defense of acquiescence and estoppel. Upon this issue the evidence was conflicting but greatly preponderating on the side of the defense. The only question now before us is whether the trial court erred in granting defendant a new trial upon the ground that the evidence was insufficient to support the verdict.

In holding that the appellant has failed to show reversible error we rely upon the accepted rule that when a motion for a new trial is granted under these circumstances, it will be presumed that the trial court properly exercised its judgment, and the order will not be reversed unless it appears that there was a manifest abuse of discretion. (20 Cal. Jur., pp. 30, 31, 112, 113; *Gordon* v. *Roberts*, 162 Cal. 506, 508 [123 Pac. 288]; *Owings* v. *Gatchell*, 32 Cal. App. (2d) 482, 488 [90 Pac. (2d) 368].) The appellant has not shown an abuse of discretion, but relies wholly upon a conflict in the evidence which she contends might have supported the verdict if the new trial had not been granted. The accepted rule is that this is not a sufficient showing upon an appeal of this character.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.