[S. F. No. 405.    Department Two.—November 24, 1896.]

H. S. McALPINE et al., Respondents, v. DARBY LAYDON et al., Appellants.

Negligence — Contributory Negligence — Nonsuit — Conflicting Evidence—Order Granting New Trial.—Where there is some evidence on behalf of the plaintiff tending to show negligence on the part of the defendant, and to negative contributory negligence on the part of the plaintiff, the question of negligence and contributory negligence should be submitted to the jury, notwithstanding a sharp conflict of evidence on both subjects in the evidence presented by different witnesses called

by the plaintiff; and it is error to grant a nonsuit in such case, and an order granting a new trial for such error will be affirmed.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. JOHN HUNT, Judge.

The facts are stated in the opinion of the court.

*Van Ness & Redman,* for Appellants.

The evidence fails to show actionable negligence on the part of defendants. The master is not required to furnish appliances which are absolutely safe, nor the best that can possibly be obtained. He is, however, under obligation to exercise reasonable and ordinary diligence in their selection, and to furnish to his servant such as are reasonably safe and adapted to perform the work for which they are designed, and which, with ordinary care and prudence on the part of the servant, render it reasonably probable that they can be used by him in the ordinary exercise of his employment without danger to himself. (*Sappenfield* v. *Main Street etc. R. R. Co.,* 91 Cal. 48; *Burke* v. *Witherbee,* 98 N. Y. 562; *Lehigh etc. Coal Co.* v. *Hayes,* 128 Pa. St. 294; 15 Am. St. Rep. 680; *Payne* v. *Reese,* 100 Pa. St. 306; *Stringham* v. *Stewart,* 19 N. Y. St. Rep. 621.) The burden is on the servant to prove negligence on the part of the master, and he must show that the appliance was radically faulty, so generally obsolete that its adoption or retention would indicate negligence, and that the master knew, or had notice, that it was defective; and no presumption of negligence can arise from the mere fact of the injury or the accident. (*Sappenfield* v. *Main Street etc. R. R. Co., supra.*) The affidavits filed did not justify the granting of the motion. The discretion permitted to trial courts in the granting of new trials has no application to motions made after judgments of nonsuit. (*Bailey* v. *Market Street etc. Ry. Co.,* 110 Cal. 320.)

*A. Morgenthal,* for Respondent.

If there be some evidence which, in legal construction, fairly tends or conduces to prove all the material allegations of the complaint, the sufficiency thereof is a question solely for the consideration of the jury. (Hayne on New Trial and Appeal, 1st ed., sec. 117.) Negligence is a deduction from the facts. Such deduction must be made by the triers from the facts, whether jury or court. (*Chidester* v. *Consolidated Ditch Co.,* 59 Cal. 201; *McKeever* v. *Market Street R. R. Co.,* 59 Cal. 300; *McDermott* v. *San Francisco etc. R. R. Co.,* 68 Cal. 34; *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 149.) The court usurped the disposition of the facts by ordering a nonsuit. (*Schierhold* v. *North Beach etc. R. R. Co.,* 40 Cal. 453; *Jamison* v. *San Jose etc. R. R. Co.,* 55 Cal. 596; *Noyes* v. *Southern Pac. R. R. Co.,* 92 Cal. 291; *Mullin* v. *California Horseshoe Co.,* 105 Cal. 83; *Franklin* v. *Southern Cal. etc. Road Co.,* 85 Cal. 63.)

HENSHAW, J.—The action is prosecuted by the heirs of W. S. McAlpine to recover damages of defendants for negligently occasioning his death. At the time of the accident the Young America pile-driver, owned and operated by defendants, was engaged in pulling out piles driven in the bay of San Francisco. McAlpine was employed in connection with the work as a raftsman. A pile suddenly leaving its bed released the strain and a hook struck the headblock, splitting it and knocking off a piece which fell about seventy-five feet, striking McAlpine upon the head and killing him.

Defendants were granted a nonsuit, but upon motion the judge reopened the case for a new trial, and from his order defendants prosecute their appeal.

Newly discovered evidence was one of the grounds urged, but the court granted the motion, believing it had erred in ordering a nonsuit.

The claim of plaintiffs was that the headblock had been improperly bolted and fastened; that for the work

of pulling piles it should have been crossbolted to prevent the very splitting which occurred.

The grounds of motion for a nonsuit were: 1. The failure of plaintiffs to show negligence upon the part of defendants; and 2. The contributory negligence of deceased in placing himself where he was when struck.

In considering these matters it is to be remembered that the trial court, in passing upon the motion for a nonsuit, was not called upon to substitute its judgment for that of the jury, and thus to decide the motion in accordance with what it might conceive to be a preponderance of the evidence. If, upon all of the material issues joined, the plaintiffs had offered some evidence in legal contemplation fairly tending to prove them, then even though there was conflicting evidence offered by other witnesses for plaintiffs, the determination of the questions and the decision upon the conflict was for the jury.

This court, in reviewing the ruling of the trial judge, is governed by the same considerations.

The second ground urged upon the motion for nonsuit, namely, the contributory negligence of deceased, may be briefly disposed of. One witness called by plaintiffs testified that deceased should not have been where he was at the time of the accident. Another witness, the foreman of the dredger, swore that deceased was standing where he should have been—in his proper and usual place. Both of these witnesses were in the employ of defendants.

Such being the evidence, the nonsuit could not be supported upon this ground.

Coming to the consideration of the first ground urged, that is to say, the alleged failure of the plaintiffs to show that defendants were guilty of negligence, plaintiffs' claim in that regard was that defendants' negligence consisted in failing to crossbolt the headblock, and that, for pile-pulling, as distinguished from pile-driving, the unbolted headblock was a radically faulty, unfit, and dangerous appliance, and liable to the very

accident which befell and resulted in the death of Mc-
Alpine.

An employer is not bound to furnish for his workmen
the safest machinery nor the latest and best appliances,
in order to save himself from responsibility for acci-
dents resulting from their use. If the machinery or
apparatus be of an ordinary character, and reasonably
fitted for the purposes for which it is designed, the em-
ployer in this regard has fulfilled his duty. The burden
is upon the injured servant to show that the machinery
or appliances were so defective and inadequate as to
make the use of them by the employer negligent and
culpable.

The plaintiffs undertook this burden, but, upon the
question whether or not the headblock was reasonably
appropriate for the use to which it was subjected, as
upon the question of McAlpine's contributory negli-
gence, the evidence offered by the different witnesses
called by plaintiffs is in sharp conflict. But, as has been
before said, we are not here concerned with a decision
upon that conflict. If there be found evidence in the
record reasonably tending to establish plaintiffs' claim
that the appliance in question was unsafe and inade-
quate, then, whether a conflict upon that point be raised
by the evidence of plaintiffs' other witnesses, or be
raised by evidence produced by the defendants, the
question still remains open for decision by the jury.

The trial court, in passing upon the motion for a new
trial, and reviewing its rulings upon the motion for a
nonsuit, concluded that it had erred, and that there was
evidence in plaintiffs' case tending to establish the un-
fitness of the appliance in question. In this we think
the court was correct. The witness Pengally superin-
tended the construction of the pile-driver Young Am-
erica, and was shown to be an expert upon the matter.
Of his testimony, it must be said that it is in some re-
spects unsatisfactory, and that its statements are at
times self-contradicting, but enough may be clearly
gathered therefrom to show that the witness testified

that if the pile-driver Young America was to be used for pile-driving, the headblock employed was sufficiently strong and secure without crossbolting. If, however, it was to be used for pile-pulling, then it was an unsafe and unfit appliance unless crossbolted. Asked whether, when he constructed the Young America, he crossbolted the headblock, he replied: "I do not say that I did not crossbolt it. I think I did. If I omitted to do it, it would be because I thought it was not necessary. If a pile-driver had to be used to draw piles, and there was any extra strain coming upon the wood, I would take extra precaution to fasten it accordingly; but for ordinary pile-driving, a solid piece of white oak that size, I do not see how it is possible to split." Asked further, whether he would consider the headblock used upon the Young America at the time of the accident to be a safe apparatus for pulling piles, without any crossbolts, he answers: "I would not consider it so for pulling piles. I mean to say, if bolts are put there, it is certainly safer and stronger, but it is a question of judgment as to whether it is not strong enough without bolts." Again, Robert Cheeseman, an expert who had constructed fifteen or twenty pile-drivers, testified, in effect, that he always used crossbolts for safety to keep the headblocks from splitting; and J. R. McAlpine, a cousin of deceased, testified that, shortly after the accident, he examined six different pile-driving and pile-pulling-machines in the harbor, and that the headblocks of each and all of them were crossbolted, saving that upon the Young America.

There was thus at least some evidence in the case tending to show that the appliance in question was unfit and unsafe, and upon this ground, also, the trial judge should not have granted the nonsuit, and withdrawn the case from the jury. Such, as has been said, was the conclusion which he reached upon the motion for a new trial, which order was, therefore, properly granted, and is sustained. The order appealed from is affirmed.

McFarland, J., and Temple, J., concurred.