INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL. v. F. W. CLARK.

Decided February 2, 1910.

1.—Assumed Risk—Knowledge and Complaint of Defect.

The servant does not assume the risk of defect in the appliances of the business (absence of lock on a railway switch) by knowledge of and failure to report such defect, when it is also known to the master or his employee charged with the duty of repair.

2.—Same—Continuing in Service.

The servant of a railway company does not assume the risk of injury from a defect in the machinery known to him, by continuing in his employment with such knowledge, unless such course involved a lack of ordinary care on his part. (Act of April 24, 1905, Laws 29th Leg., p. 386.)

3.—Damages—Personal Injury.

A recovery of $7,500 sustained as not excessive in case of painful and permanent injuries to a brakeman, a young man earning $100 per month and in line for promotion.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*King & Morris* and *Baker & Baker,* for appellant.

*J. E. Yantis,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, which resulted in a verdict and judgment for the plaintiff for $7500, and the defendant has appealed.

The negligence charged against the defendant was the failure to

keep a certain switchstand locked, thereby causing the derailment of an engine, which fell upon and injured the plaintiff.

The defendant answered by general demurrer, general denial and a special plea of assumed risk and contributory negligence.

The first assignment of error complains of the action of the trial court in giving the jury the following instruction:

"You are instructed that where a personal injury is sustained by an employe of a railroad corporation and such injury is caused by the negligence of such corporation, the plea of assumed risk of such employe shall not be available as a defense by such corporation when the ground of the plea of assumed risk is knowledge or means of knowledge of the defect, if any, which caused the injury, provided the employe's employer or the employe's superior intrusted by the employer with the authority to remedy or cause to be remedied the defect, if any, knows of such defect and in such cases the employe complaining of the injury, if any, is not required to report the defect, if any, to his employer or such superior."

This charge stated the law correctly, and there was testimony which justified the court in submitting the issue to the jury.

The second assignment complains of the following paragraph of the court's charge:

"On the contrary, if the defendant or its employes intrusted with authority to remedy or cause to be remedied the failure to put a lock on said switch did not know of the absence of a lock thereon at the time plaintiff was injured, and you believe from the evidence that the plaintiff Clark had an opportunity before being injured to inform the defendant, or such employe who is intrusted with authority to remedy or cause to be remedied the failure to put a lock on said switch stand that said switch stand had no lock thereon, and failed to do so, and that such failure on his part was negligence; and you further believe from the evidence that a person of ordinary care in the exercise of ordinary care for his own safety, under the same or similar circumstances, with the knowledge of the absence of a lock on said switch stand, and the danger, if any, incident thereto, would not have continued thereafter in the service of defendant's company, then you will find for the defendant; or if you believe from the evidence that a person of ordinary care in the exercise of ordinary care for his own safety under the same or similar circumstances as plaintiff was situated would not have continued in the service of defendant's company, in the absence of a lock on said switch stand after the discovery of such absence, then if you so find you will find for the defendant; or if you believe from the evidence that the accident and the injury of which the plaintiff complains was the result of some cause or causes other than the fact that there was no lock on the switch stand, and that such cause or causes, if any, were unknown to the defendant and you believe that the defendant could not, by the use of that care which a person of ordinary care, engaged in a similar business would have exercised under the same or similar circumstances have discovered such cause or causes, then such failure to discover such other cause, if any, would not be negligence upon the part of defendant company."

. The law of assumed risk by railroad employes is modified by an Act of the Twenty-Ninth Legislature, and the charge here complained of is a proper presentation of the doctrine of assumed risk as thus modified, and no error was committed in giving that instruction.

The third assignment assails the verdict of the jury upon the proposition that the testimony showed that the plaintiff knew that there was no lock on the switch, as well as the danger, and continued in the service of the defendant without giving notice of the absence of the lock. There was testimony sufficient to show that the defendant had notice from other sources of the absence of the lock, and therefore it was not incumbent upon the plaintiff to give such notice, and he was not required to quit the defendant's service unless a person of ordinary prudence would have done so.

The fourth and last assignment presents the contention that the verdict is excessive. The plaintiff was a young man, was a trained brakeman, and at the time he was injured was earning $100 per month, and was in line for promotion. He was on the engine, acting as brakeman when it was derailed. The engine fell upon him and pinioned one of his legs to the ground, thereby causing a very serious injury, concerning which there was testimony tending to show that it would be permanent. He was badly scalded by escaping steam and suffered much and long continued physical pain. It is not considered necessary to set out or summarize all the testimony bearing on the question; and we content ourselves with the statement that the testimony was such as that it would not be proper for this court to hold that the amount of damages awarded are so disproportionate to the injuries sustained as to lead to the conclusion that the jury was actuated by some improper motive.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*