Points Decided.

(February 24, 1911.)

# CHARLES N. MAW, Respondent, v. COAST LUMBER COMPANY, a Corporation, Appellant.

## [114 Pac. 9.]

APPEAL AND ERROR — QUESTIONS REVIEWABLE — PERSONAL INJURY — DEFECTIVE MACHINERY — ASSUMPTION OF RISK — MASTER AND SERVANT — NEGLIGENCE — QUESTIONS OF FACT — SUFFICIENCY OF EVIDENCE—EXCESSIVE DAMAGES.

(Syllabus by the reporter.)

1. An objection that the complaint does not state facts sufficient to constitute a cause of action cannot be reviewed upon an appeal from an order denying a motion for a new trial. (Citing *Naylor v. Lewiston etc. Ry. Co.*, 14 Ida. 789, 96 Pac. 573.)

2. Secs. 4225 and 4226, Rev. Codes, empower the district court to afford relief to a defendant who, during the trial or at the conclusion thereof, contends that he has been misled by the allegations of the complaint, and such relief should be sought in that forum. If the lower court denies such relief, an exception may be duly saved, and the defendant will then be in a position to present the matter on appeal. The question cannot be raised for the first time on appeal. (Citing *West v. Johnson*, 15 Ida. 681, 99 Pac. 709, and *Crowley v. Croesus Gold etc. Co.*, 12 Ida. 530, 86 Pac. 536.)

3. A servant or employee, in accepting a service or employment, assumes the risk incident to such employment only when the employer furnishes a reasonably safe place and reasonably safe machinery and appliances with which to perform his work. A risk which arises from the use of defective machinery or appliances is not a risk incident to the employment.

4. Where, in an action for damages for personal injury alleged to have been caused by defective machinery, it appears that the machinery in question was different in its general construction from machinery of a similar character installed in defendant's factory, that it would require greater care in its operation, attended with greater hazard, that it was unsafe in operation, and that this was known to the defendant, or could have been ascertained by the use of ordinary care on the part of the defendant company or its agents, the plea that plaintiff had knowledge of the danger and assumed the risk incident to the employment is not a valid defense.

5. An employee whose business it is to operate a particular piece of machinery is held to a stricter rule with reference to the assump-

tion of risk than one whose duties do not require him to operate such machine, and the latter employee is not required to familiarize himself with such machinery or its appliances, or investigate its condition, but has a right to assume that his safety has been reasonably provided for.

6. In an action for damages for personal injury occasioned by the use of machinery alleged to have been defective, the questions as to whether such machinery when installed was defective, as to whether when in operation it endangered the safety of the employee of the defendant company, and whether such company or its officers had knowledge of such defects in the machinery and the danger incident to its operation, or whether the plaintiff must have known of such defects, are all questions of fact for the jury to determine, and are properly submitted to the jury.

7. In an action for damages for personal injury arising from the operation of machinery, if different conclusions might reasonably be arrived at as to whether there was negligence on the part of the defendant company, then the question is one of fact, to be submitted to the jury under proper instructions, but if only one conclusion is deducible from the facts, the question becomes purely a question of law. (*Wheeler v. O. R. & N. Co.*, 16 Ida. 375, 102 Pac. 347, approved and followed.)

8. The verdict of the jury will not be set aside on the ground of excessive damages being awarded in a personal injury case, where it does not appear that the jury have acted under any improper influence, bias or prejudice, or mistaken the rule of law by which damages are to be regulated. In such cases the court should consider whether the verdict is fair and reasonable under all the circumstances, and it will be so presumed unless the contrary is shown. (*Maloney v. Winston Bros. Co.*, 18 Ida. 740, 111 Pac. 1080, approved and followed.)

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

Action for damages for personal injury. Judgment for plaintiff and defendant appealed. *Affirmed.*

Alfred A. Fraser and Charles M. Kahn, for Appellant.

The evidence of the plaintiff himself conclusively establishes the fact that he has assumed whatever risk, if any, there was, by reason of the defects and negligence alleged in the plaintiff's complaint, for the reason that such defects were open and obvious, and were known to the plaintiff during all

the time he was employed by the defendant company. (*St. Louis Cordage Co. v. Miller*, 126 Fed. 495, 61 C. C. A. 477, 63 L. R. A. 551; Labatt, Master and Servant, secs. 259, 274, 388; *Wagner v. Chemical Co.*, 147 Pa. 475, 30 Am. St. 745, 23 Atl. 772; *Miss. Logging Co. v. Schneider*, 74 Fed. 195, 20 C. C. A. 390; *Minty v. Union Pac. Ry. Co.*, 2 Ida. 471, (437), 21 Pac. 660, 4 L. R. A. 409; *Harvey v. Alturas Gold Co.*, 3 Ida. 510, 31 Pac. 819; *Drake v. U. P. R. Co.*, 2 Ida. 487, (453), 21 Pac. 560; *Zienke v. N. P. R. Co.*, 8 Ida. 54, 66 Pac. 828; *Goure v. Storey*, 17 Ida. 352, 105 Pac. 794.)

The servant assumes all the ordinary risks and dangers of the employment upon which he enters and in which he continues, including those resulting from the negligence of his master which are known to him and would have been appreciated by a person of ordinary prudence and care in his situation. Nor can a servant be heard to say that he did not appreciate or realize the danger when the defect or negligence was obvious and the dangers would have been apparent to an ordinarily prudent person of his intelligence in his situation. (*Glenmont Lbr. Co. v. Roy*, 126 Fed. 524, 61 C. C. A. 506; *Lamson v. Am. Axe & Tool Co.*, 177 Mass. 144, 83 Am. St. 267, 58 N. E. 585; *Sullivan v. Electrical Co.*, 178 Mass. 35, 59 N. E. 645; *C. M. & St. P. Ry. Co. v. Benton*, 132 Fed. 460, 65 C. C. A. 660; *Choctaw etc. R. Co. v. McDade*, 191 U. S. 64, 24 Sup. Ct. 24, 48 L. ed. 96; *Chicago etc. Ry. Co. v. Crotty*, 141 Fed. 913, 73 C. C. A. 147, 4 L. R. A., N. S., 832; *Burke v. Union Coal & Coke Co.*, 157 Fed. 178, 84 C. C. A. 626; *Fritz v. Salt Lake etc. Gas etc. Co.*, 18 Utah, 493, 56 Pac. 90.)

The fact that he failed to take notice of this defect is no excuse. (*Green River etc. Co. v. Phaup*, 137 Ky. 34, 121 S. W. 651; *Vandalia R. Co. v. Adams*, 43 Ind. App. 664, 88 N. E. 353; *Roth v. N. P. Lbr. Co.*, 18 Or. 205, 22 Pac. 842; *Brown v. Tabor Mill Co.*, 22 Wash. 317, 60 Pac. 1126; *Del. Engine Works v. Nuttall*, 119 Pa. 149, 13 Atl. 65; *Detroit etc. Co. v. Grable*, 94 Fed. 73, 36 C. C. A. 94.)

Where there is no direct evidence as to the manner in which the accident causing the injury happened, and, from the nature of the accident, it is as possible that it was attributable

to a cause for which the defendant was not liable as to a defect in the appliances, there can be no recovery. (*The Columbia*, 106 Fed. 745; *O'Connor v. Ill. Cent. R. Co.*, 83 Iowa, 105, 48 N. W. 1002; *Rutledge v. Mo. Pac. R. Co.*, 110 Mo. 312, 19 S. W. 38; *Hunter v. N. Y. etc. R. Co.*, 116 N. Y. 615, 23 N. E. 9, 6 L. R. A. 246; *Beyersdorf v. Cream City Sash etc. Co.*, 109 Wis. 456, 84 N. W. 860; *Musbach v. Wis. Chair Co.*, 108 Wis. 57, 84 N. W. 36; *Schultz v. Chicago etc. R. Co.*, 116 Wis. 31, 92 N. W. 377.)

If the accident might have resulted from more than one cause, for one of which the master is liable and for the other he is not liable, it is necessary for the plaintiff to prove, in the first instance, that the injury arose from the cause for which the master is liable, for it is not the province of the court or jury to speculate or guess from which cause the accident happened. (*Palton v. Texas etc. R. Co.*, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. ed. 361; *O'Donnell v. Am. Mfg. Co.*, 112 La. 720, 36 So. 661; *Walker v. Louis-Werner Saw Mill Co.*, 76 Ark. 436, 88 S. W. 988; *Davis v. Mercer Lumber Co.*, 164 Ind. 413, 73 N. E. 899; *Trigg v. Ozark Land & Lumber Co.*, 187 Mo. 227, 86 S. W. 222.)

Where a recovery is sought on the ground of a defect in the machinery, and it appears that the decedent was acquainted with his surroundings, plaintiff must show that the decedent had no knowledge of the defects. (*Clark County Co. v. Wright*, 16 Ind. App. 630, 45 N. E. 817.)

We contend that the verdict in this case is excessive. (*Maloney v. Winston Bro. Co.*, 18 Ida. 740, 111 Pac. 1080; *Walsh v. Winston Bro. Co.*, 18 Ida. 768, 111 Pac. 1090.)

N. M. Ruick and T. F. Halveston, for Respondent.

Sufficiency of complaint cannot be inquired into on appeal from order denying a new trial. (*Naylor v. Ry. Co.*, 14 Ida. 789, 96 Pac. 573.)

"A master is guilty of a breach of duty if he fails to see that the instrumentalities supplied are of such a character and maintained in such a condition that his servants will be able to carry on their work without the risk of injury as long as

they exercise proper care in the use of those instrumentalities.'' (Labatt, M. & S., secs. 30, 31.)

A servant is *prima facie* not chargeable with an assumption of extraordinary risks—risks, that is to say, which may be obviated by the exercise of reasonable care on the master's part. (Labatt, M. & S., sec. 270; *Hough v. Texas & P. R. Co.*, 100 U. S. 213, 25 L. ed. 612.)

"A master cannot plead assumed risk where the ground of the plea is knowledge or means of knowledge of the defect complained of, where the master has knowledge of the defect or the superior of the employee intrusted with the duty of repairing the defects knows thereof and the servant is not under duty to report the defect." (*Int. & G. N. R. Co. v. Clark* (Tex. Civ.), 125 S. W. 959.)

"By the expression 'risks ordinarily incident to the work' is meant a risk of injury that does not grow out of an act of negligence on the part of defendants or his employees." (*Freeman v. Fuller* (Tex. Civ.), 127 S. W. 1194.)

It is contrary to public policy to allow the master to relieve himself by contract from liability for his own negligence. What the law forbids to be done by express contract it will not assist to be done by implying a contract. A risk which the law, on the ground of public policy, will not allow the servant to assume, it will not imply from his conduct that he has assumed. The servant never assumes the risk of the master's negligence. (*Strickland v. Woolworth & Co.* (Mo. App.), 127 S. W. 628; *George v. St. Louis etc. R. Co.* (Mo.), 125 S. W. 196, 208; *Charlton v. R. Co.*, 200 Mo. 413, 98 S. W. 529, 535; *Harvey v. Alturas Gold Mining Co.*, 3 Ida. 510, 31 Pac. 819; *German-Am. Lbr. Co. v. Brock*, 55 Fla. 577, 46 So. 740.)

"A servant assumes only those hazards which are the natural incidents of the employment. Tools which are dangerously defective are not the natural incidents of any employment. It is the master's absolute and unassignable duty to supply safe ones." (*Mo. K. & T. Ry. Co. v. Quinlan*, 77 Kan. 126, 93 Pac. 632, 636, 11 L. R. A., N. S., 1153; *Sherman v. Menominee River Lbr. Co.*, 72 Wis. 122, 39 N. W. 365, 1 L. R. A. 173; *Maloney v. Winston Bros.*, 18 Ida. 740, 111 Pac. 1080.)

"A servant need not familiarize himself with all the machinery or appliances which he does not use himself, and he may presume that his safety has been reasonably provided for." (*Kaukola v. Oliver I. Min. Co.*, 159 Mich. 689, 124 N. W. 591; *Burnside v. Peterson*, 43 Colo. 382, 96 Pac. 256, 258, 17 L. R. A., N. S., 76; *Moran v. Harris*, 63 Iowa, 390, 19 N. W. 278; *Mo. K. & T. R. Co. v. Quinlan*, 77 Kan. 126, 93 Pac. 632, 11 L. R. A., N. S., 1153.)

"Whether or not the facts constitute negligence or bring the case within the doctrine of the assumption of risks are questions for the jury." (*Wheeler v. Wason Mfg. Co.*, 135 Mass. 294; *Producers Oil Co. v. Barnes* (Tex. Civ.), 120 S. W. 1023; *German-American Lbr. Co. v. Brock* (Fla.), *supra.*)

The fact that the employee knew the conditions does not of itself establish, as a matter of law, that he assumed the risk. (*Snyder v. Waldorf Box Board Co.*, 110 Minn. 40, 124 N. W. 450; *Thomas v. Exeter H. & A. St. Ry.*, 73 N. H. 1, 58 Atl. 838.)

Whether the danger was apparent to an employee injured, so that the employee will be considered to have assumed the risk, is a question for the jury. (*Hardesty v. Largey Lbr. Co.*, 34 Mont. 151, 86 Pac. 29; *Harney v. Chicago etc. R. Co.*, 139 Iowa, 359, 115 N. W. 886; *Choctaw O. & G. R. Co. v. Jones*, 77 Ark. 367, 92 S. W. 244, 4 L. R. A., N. S., 837, 7 Ann. Cas. 430.)

"The true rule is that what is the proximate cause of an injury is ordinarily a question for the jury." (*Pilmer v. Traction Co.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254.)

"Negligence is a question of fact for the jury even when there is no conflict in the evidence, if different conclusions upon the subject can be rightly drawn from the evidence." (*Herbert v. S. P. Ry. Co.*, 121 Cal. 227, 53 Pac. 651; *Wahlgren v. Ry. Co.*, 132 Cal. 656, 62 Pac. 309, 64 Pac. 993; *Peters v. McKay*, 136 Cal. 73, 68 Pac. 478; *Wheeler v. O. R. & N. Co.*, 16 Ida. 375, 102 Pac. 347.)

"The question is to be decided by the jury, whether they must decide upon the facts, or whether they must conclude

upon the inferences which the facts warrant, if there is more than one inference to be drawn." (*Egan v. Dry Docks etc. Co.*, 12 App. Div. 556, 42 N. Y. Supp. 188, 195; *Hart v. Bridge Co.*, 80 N. Y. 62; Shear. & R. on Negligence, sec. 541.)

The fact, if it were a fact, that this machine was of a standard make, did not excuse the employer for maintaining it in his establishment, if it was in fact defective and in operation increased the ordinary risks incident to work in the mill. (1 Labatt M. & S., secs. 14, 40, 41.)

The damages awarded by the jury are clearly justified by the evidence. (*Maloney v. Winston Bros.*, 18 Ida. 740, 111 Pac. 1080; *Walsh v. Winston Bros.*, 18 Ida. 768, 111 Pac. 1090.)

BUDGE, District Judge.—This action is brought by Charles N. Maw, plaintiff, against the Coast Lumber Company, a corporation, defendant, to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant company in its planing-mill and sash and door factory.

The plaintiff in substance alleges that the Coast Lumber Company is a corporation, organized and existing under the laws of the state of Idaho, and engaged in the business of retailing lumber, and in operating at Boise, Idaho, a planing-mill and sash and door factory and a general wood-working establishment, and employing men and machinery in the operation thereof; that on November 14, 1907, at Boise aforesaid, plaintiff was in the employ of the defendant in the capacity of saw-filer, tool-sharpener and adjuster in and about the wood-working establishment, mill and factory hereinbefore referred to; that while so in the employment of the defendant, the said defendant, disregarding its duty to furnish safe and reliable tools, machinery and appliances, negligently and carelessly furnished a defective, unsafe and insecure ripsawing machine, as it well knew, but of which the plaintiff did not know and had not the means of knowing, said machine consisting mainly of a circular saw, shafting, saw-table and supports therefor; that on the date aforesaid, and while the plaintiff, as employee of the defendant, was pursuing his said

employment in and about the mill, factory and wood-working establishment aforesaid, and while said defective, unsafe and insecure ripsawing machine was being operated by said defendant company, and by reason of the defective, unsafe and insecure construction of said ripsawing machine, and the insufficiency of the support upon which said ripsaw, saw-table and machine rested, and by reason of said saw being fixed and placed at so great a distance from the operator as to render its operation unsafe, and by reason of the great length and insufficient fastenings of the shaft upon which said saw revolved, a piece of timber about four inches square and six feet in length (which was being sawed in said defective and insecure machine) was caught by the saw and hurled with great force against the plaintiff, by reason of which plaintiff became ill, and endured, and still endures, great suffering, and that he incurred an expense of $500 for medical attendance, etc. The plaintiff further alleges that prior to the accident he was healthy, active and able-bodied; that by reason of the injuries so received he was, and still is, subject to great pain and suffering, and totally incapacitated from doing any work, and will always be a cripple and dependent upon others for care, support and maintenance; and the plaintiff seeks to recover damages in the sum of $15,000.

An answer was filed by the defendant to this complaint, admitting the incorporation of the company, and that it was engaged in the business of retailing lumber and operating in Boise a planing-mill, sash and door factory, and general woodworking establishment, and that it employed men and machinery in operating its plant, and admitting that on November 14, 1907, the plaintiff was in its employment in the capacity as alleged by the plaintiff; but denying that while so in the employment of the defendant, or at any time or at all, the defendant, disregarding its duty to furnish safe and reliable tools, machinery and appliances, negligently, carelessly, or otherwise or at all, furnished a defective, unsafe and insecure ripsawing machine; and in this connection the defendant alleges that the ripsawing machine furnished and equipped by defendant in its mill at Boise City, Idaho, was a modern

and up-to-date machine, and of similar character and construction as ripsawing machines in general and common use in other planing-mills and sash and door factories, and that the same was securely and safely equipped, maintained, fastened and operated; denies that the defendant well knew that said ripsawing machine was of a defective, unsafe and insecure character in any respect, and upon information and belief denies that the plaintiff did not know and had not the means of knowing as to the condition of said ripsawing machine. The defendant denies that on the date mentioned in the plaintiff's amended complaint, and while plaintiff as employee of the defendant was pursuing his said employment in and about the said mill, a piece of timber about four inches square and six feet in length, or of any dimensions, which was being sawed in said ripsawing machine, was caught by the saw and hurled with great force, or any force at all, against the plaintiff; denies that by reason of the defective, unsafe and insecure construction of said ripsawing machine, or for any other reason or at all, said piece of timber above described was caught by said saw and hurled with great force, or any force at all, against the plaintiff; denies that by reason of the insufficiency of the supports upon which said ripsawing machine, table and machine rested, or by reason of said saw being fixed at so great a distance from the operator as to render its operation unsafe, or by reason of the great length and unsafe fastening of the shaft upon which said saw revolved, or by any other reason or at all, a piece of timber described in plaintiff's complaint, which was being sawed in said ripsawing machine, was hurled with great force, or any force at all, against the plaintiff; denies the illness of the plaintiff, and also denies that the plaintiff incurred an expense of $500, or any other amount, or that he was permanently injured, or that he suffered any disabilities, or that prior to the accident the plaintiff was a healthy, active and able-bodied man; denies that the plaintiff was subject to great pain and suffering, or any pain or suffering; denies that the plaintiff would not again be able to work, or that he would always be a cripple, and dependent upon others for support

and maintenance; and denies that he had suffered damages in the sum of $15,000, or any other sum.

And the defendant, as a further and separate defense to plaintiff's alleged cause of action, alleges that "a planing-mill and sash and door factory, and machinery, tools and appliances used in connection therewith, and especially ripsawing machines, by reason of their nature, and in order to accomplish the work designed and intended, is at all times a dangerous place, and is obviously dangerous, and its dangerous character is apparent to every prudent person of ordinary intelligence, whether experienced or not in working in and around a planing-mill and sash and door factory, and the machinery, tools and appliances used in connection therewith"; alleges that plaintiff well knew, prior to his beginning work for defendant in and about its planing-mill and sash and door factory, and in and around its machinery, tools and appliances used in connection with said planing-mill and sash and door factory, of the dangers attendant and incident to and upon said employment; and the defendant alleges that plaintiff was informed by defendant's agent of the dangerous character incident to said employment, and that the dangers, hazard, and likelihood and exposure to said injuries complained of were among the risks ordinarily incident to work in and about and upon planing-mills and sash and door factories, and machinery, tools and appliances used in connection therewith, as the plaintiff well knew, and were assumed by said plaintiff when he accepted said employment, and that he represented himself as competent and experienced enough to perform work in, about, upon and around said planing-mill and sash and door factory.

As a further defense to plaintiff's alleged cause of action, the defendant alleges that at the time of the supposed accident and injury to the plaintiff he was in the service and employment of the defendant, by virtue of a contract between them, as saw-filer, tool-sharpener and adjuster, in and about the woodworking establishment and mill and factory of the defendant; that there was then and there employed in and about the said woodworking establishment and mill and factory

various other employees, to wit, sawyers, planers, and wood-workers; that the plaintiff and said other employees were employed by and acting for the defendant in running, maintaining and operating said woodworking establishment, mill and factory of the defendant, and were then and there servants of this defendant in that behalf, and in one and the same line of employment as the plaintiff, and that in the selection and employment of this plaintiff's coemployees the defendant had used due and reasonable care and caution, and that said coemployees were competent and prudent persons in their respective positions; and defendant alleges that the supposed negligence and carelessness of the defendant, or any such negligence and carelessness by means of which the said accident and injury happened to the plaintiff, was that of his said coemployees, or one or some of them, in said woodworking establishment, mill and factory of defendant, and not of defendant.

The cause was tried to a jury, and a verdict rendered for the plaintiff, whose damages were assessed in the sum of $12,500.

The defendant took two appeals from the judgment, which appeals were, on motion, dismissed. The defendant also appealed from the order denying its motion for a new trial, and it is upon this appeal that the cause is pending in this court.

The points relied upon by the appellant are:

First. That the complaint does not state facts sufficient to constitute a cause of action.

Second. That the complaint alleges that the defendant and appellant was negligent in furnishing unsafe and defective tools and appliances, while the evidence shows if the defendant was negligent at all it was in furnishing an unsafe place in which to work.

Third. That the verdict is contrary to the law and the facts in the case.

Fourth. That the verdict is not justified by the evidence.

Fifth. That under the law and the facts in the case the plaintiff was not entitled to recover, for the reason that he assumed the risk connected with his employment.

Sixth.    That the evidence does not disclose how the accident happened, and the verdict was founded upon speculation.

Seventh.    That the verdict is excessive.

With reference to the first assignment of error (to wit, the insufficiency of the complaint), this court, in the case of *Naylor v. Lewiston etc. Ry. Co.*, 14 Ida. 789, 96 Pac. 573, held that an objection that the complaint does not state facts sufficient to constitute a cause of action cannot be reviewed upon an appeal from an order denying a motion for a new trial.

Counsel for appellant contends under his second assignment of error that the plaintiff alleged one cause of action in his complaint while the evidence introduced during the trial tended to establish a different cause of action; in other words, that there was a variance between the allegations of the complaint and the proof submitted at the trial.

Sec. 4225, Rev. Codes, provides that "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that the party has so been misled, the court may order the pleading to be amended, upon such terms as may be just." Sec. 4226 provides that "Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs."

In the case of *West v. Johnson*, 15 Ida. 681–687, 99 Pac. 709, this court held that any uncertainty or ambiguity found in the complaint as to the causes or grounds upon which the plaintiff sought to recover damages could not be raised for the first time on appeal, but that that question should have been raised by special demurrer, and an exception duly saved. (See, also, *Aulbach v. Dahler*, 4 Ida. 654, 43 Pac. 322.)

This court, in the case of *Crowley v. Croesus Gold & Copper Mining Co.*, 12 Ida. 530, 86 Pac. 536, laid down the rule that it would not stop to determine the merits of the contention that the complaint did not state facts sufficient to constitute a

cause of action, where defendant after demurrer overruled answered the complaint and went to trial.

We are of the opinion that if the defendant found during the trial, or at the conclusion of the trial, that it had been misled by the allegations of the complaint, it should have advised the court at the time, and under the statute above quoted the court was empowered to afford the relief which counsel for appellant seeks in this court at this time; and if the court denied the relief, saved his exception, then the defendant would have been in a position to present the same on appeal.

We will group assignments of error numbered 3, 4, 5 and 6. and discuss them as a whole, for the reason that, as we view this case, there only remain the questions of the sufficiency of the evidence to justify the verdict, and whether or not as a matter of law the plaintiff assumed the risk resulting in the accident (connected with his employment), and the question of the alleged excessiveness of the verdict.

We do not think that the cause of the accident disclosed by the evidence in the case could be successfully disputed. From a careful reading of the testimony it is apparent that while one Frank Douglass was operating the ripsaw testified to by the witnesses, and while in the act of passing a piece of timber through the saw, as the saw came up it caught a piece of timber and hurled it through the air, over the head of the operator, striking the plaintiff in the back of the head, as testified to, and from which the injury resulted. The proof of these facts is clearly established, not only by the operator of the machine but by other witnesses who were present at the time, and gave testimony with reference to this fact. We must presume that this question was squarely submitted to the jury, being one of the material issues involved in the trial of this cause, and the verdict of the jury with reference to that fact would be conclusive and binding upon this court.

Did the plaintiff, as a matter of law, assume whatever risk, if any, there was, incident to his employment by the defendant corporation?

From the testimony it appears that the defendant corporation received, in a knocked-down condition, a short time prior

to the time that the plaintiff entered its employment, a rip-saw and other apparatus appurtenant thereto, and before the ripsaw was set in place in the mill there was some conversation had between the general superintendent and the foreman of the company with reference to certain defects in the ripsaw which consisted in the abnormal length of the saw-table in front of the saw, rendering it exceedingly difficult to operate; and another peculiarity that was discussed by the superintendent and the foreman at the time was the lightness of the frame. But notwithstanding these defects it was installed by the foreman, under the instructions of the superintendent, with directions to make certain minor alterations in order to shorten the distance between the end of the table at which the operator stood and the saw, and which it appears from the testimony was later done. Immediately after the saw was installed it was noticed by the foreman and other employees of the mill, those who were called upon to operate the machine and others who saw it in operation, that the vibration of the saw, saw-frame and saw-table was excessive; that the motion was up and down and sideways, in other words, that its vibration was such that it moved about in all directions. An effort was made to remedy this condition, which was only partially successful. The plaintiff in this case had nothing to do with the operation of the saw in question, but was employed as a saw-filer, tool-sharpener and adjuster; and just before the accident the plaintiff was engaged in this employment.

It is therefore apparent from the testimony that the defendant knew at the time when the ripsaw in question was received from the factory in its knocked-down condition that it was different in its construction from the ripsaws then in use in its factory, or the ordinary ripsaw used for the purpose of doing the work that was done by that character of machinery; and it is further apparent from the testimony that when the ripsaw in question was put up and placed in operation it was not so constructed that it worked as it should have done, or as an ordinary ripsaw worked, and as a result of this fact efforts were made by the superintendent and the

foreman to· so support the machine that it would perform the work in the same way as other ripsaws in the factory were doing.

It is a well-established principle of law that the servant, when he accepts the service, assumes all the risk incident to the employment; that is, incident to the employment when the employer furnishes proper and reasonably safe machinery, an obligation to do which is always upon the master. A risk or accident which arises from the use of defective machinery is not a risk incident to the employment. (*Harvey v. Alturas Gold Min. Co.*, 3 Ida. 510, 31 Pac. 819.)

The question of whether or not the machinery when installed was unsafe, and while in operation endangered the lives of the employees of the defendant company, was a question of fact for the jury to determine; and also the question of whether or not the defendant company or its officers had knowledge of the defects in the machinery, and the danger incident to its operation, was equally within the province of the jury.

The plaintiff was not required, in order to protect himself from a charge of contributory negligence, or to relieve himself from responsibility for the negligent act of a fellow-servant, to first go over and familiarize himself with each piece of machinery in the factory of the defendant, where it is apparent from the testimony that the master failed to provide his servants with suitable machinery and appliances with which to perform their work. The law makes it the duty of the master to make all needed inspections and examinations; and when the defendant in this case installed a piece of machinery that was different in its general construction from machinery of a similar character already installed in its factory, and which would require greater care in its operation, coupled with greater hazard, though of standard make, but when in operation it was apparent that it was unsafe, and this was known to the defendant, or by the use of ordinary care could have been ascertained by the defendant or its agents, it cannot excuse itself upon the ground that the plain-

tiff assumed the risk, and that as a matter of law the plaintiff could not recover.

Sec. 66, Labatt, Master and Servant, in discussing this principle says: "That no person has a right to keep his property in such a condition that persons who with his consent are brought into close relations with it will be likely to receive injury, even though they may exercise all the care which it is justifiable to expect from them under the circumstances." And this doctrine is supported by the decision in the case of *International & G. N. R. Co. v. Clark* (Tex. Civ.), 125 S. W. 959:

"A master cannot plead assumed risk where the ground of the plea is knowledge or means of knowledge of the defect complained of, where the master has knowledge of the defect, or the superior of the employee intrusted with the duty of repairing the defects knows thereof, and the servant is not under duty to report the defect."

There is some evidence in the record which might tend to show that the plaintiff had knowledge of the defects of the machine, or that he was placed in a position so that if he had used ordinary care he could have had this knowledge. But we think the rule of law well established that a master cannot plead such knowledge upon the part of a servant if he himself had a knowledge of the defect, and failed and neglected to repair the same, and that by reason thereof the plaintiff sustained the injury.

"Risk ordinarily incident to the work is . . . . a risk of injury that does not grow out of an act of negligence on the part of defendant." (*Freeman v. Fuller* (Tex. Civ.), 127 S. W. 1194.)

"A servant assumes only those hazards which are natural incidents of the employment. Tools which are dangerously defective are not the natural incidents of any employment. It is the master's absolute and unassignable duty to supply safe ones." (*Mo. K. & T. Ry. Co. v. Quinlan,* 77 Kan. 126, 93 Pac. 632–636, 11 L. R. A., N. S., 1153.)

We think that the syllabus of the case of *Buoy v. Milling Co.,* 68 Kan. 436, 75 Pac. 466, furnishes us the proper rule,

when applied to the facts in this case, and that is that "the furnishing of a safe place to work, and safe appliances with which to do the work, are among the absolute duties of the master; and unless the servant's attention is drawn to defects, or the dangerous conditions of the place or the appliances furnished, or he should have known of them, he is not required to make an investigation, but may rest upon the assumption that the master has performed his duties in these respects." The furnishing of a safe place to work and safe appliances with which to do the work are among the absolute duties of the master.

From the testimony in this case a fair inference may be drawn that these duties were not performed upon the part of the defendant in. this case, and we do not believe that it can be successfully contended that the attention of the plaintiff in this action was called to the condition of the machine before it was set up, or after it was set up, or that he knew of the support that had been placed under the machine in order to prevent or lessen the vibration, or that he was in a position so that he must have known of the condition of the machine with reference to these defects.

Where different opinions might well be entertained upon the question of whether the plaintiff must have seen, or whether his attention was called to the defects (and different opinions might well be entertained upon these questions), the question was one for the jury, and was properly submitted to the jury, who found adversely to the defendant. (See *Mo. K. & T. Ry. Co. v. Quinlan,* 77 Kan. 126, 93 Pac. 632–636, 11 L. R. A., N. S., 1153; *Sherman v. Menominee River Lumber Co.,* 72 Wis. 122, 39 N. W. 365, 1 L. R. A. 173.)

We think that there is a distinction between the rule which makes it incumbent upon the operator of the machinery to know or to use reasonable diligence in ascertaining the condition of the machinery that he is called upon to operate, and he would be held to a stricter rule with reference to assumption of risk than an employee whose duties did not require him to operate the machine; and we do not think that he would be required to familiarize himself with the machinery

or its appliances, and he.would be entitled to presume that his safety had been reasonably provided for.

In the case of *Moran v. Harris,* 63 Iowa, 390, 19 N. W. 278, the supreme court of Iowa holds that "an employee, by remaining in the service of his employer without objection, assumes the risk of such dangers as are occasioned by defects in the machinery, about which he is employed, of which he has. knowledge, or by the exercise of reasonable diligence might gain knowledge. But when the employee is not engaged to work with the machinery he is not bound by this rule."

There is no testimony that would warrant this court in holding that the plaintiff was working with the machinery from which the accident resulted in this case. It is admitted in the answer of the defendant that the plaintiff was engaged in a different line of occupation, to wit, saw-filer, tool-sharpener and adjuster.

We are of the opinion that the question of whether or not the machine was defective or unsafe, and was known by the defendant to be unsafe at the time of the accident, were questions of fact to be submitted to the jury. (See *Wheeler v. Wason Mfg. Co.,* 135 Mass. 294.)

"Where there is any evidence of the master's negligence, and that it was the proximate cause of the injury complained of, the issues must be determined by the jury, and an appellate tribunal will not disturb the verdict, unless manifestly against the clear preponderance of the evidence. Where the evidence on an issue is such that reasonable minds may differ in their conclusions drawn from it, the verdict of the jury must be taken as conclusive." (*Producers' Oil Co. v. Barnes* (Tex. Civ.), 120 S. W. 1023. See, also, *German-American Lbr. Co. v. Brock,* 55 Fla. 577, 46 So. 740; *Kaukola v. Oliver Min. Co.,* 159 Mich. 689, 124 N. W. 591.)

In the case of *Thomas v. Exeter H. & A. St. Ry.,* 73 N. H. 1, 58 Atl. 838, the plaintiff, an employee of the defendant, was injured while operating a steam ironing machine or mangle, by having her right hand caught and drawn between two inwardly revolving cylinders. The court says: "It is

the province of the jury to sift and weigh conflicting evidence, and find the truth. Generally, they are greatly aided in performing this service by the appearance of the witnesses. There was evidence from which, if believed, reasonable and impartial men might properly find that the plaintiff was exercising ordinary care, and that her injury would not have happened but for a sudden swaying of the machine toward her, owing, among other things, to defective gearings and instability of the machine supports—defects of which she did not actually or impliedly have knowledge, so far as appears, and the risk of which she did not assume, as matter of law.''

In the case of *Atchison, T. & S. F. R. R. Co. v. McKee*, 37 Kan. 592, 15 Pac. 484, the court says: ''Whether this injury of the plaintiff was an accident, or the result of the defective condition of a machine of the defendant, was submitted to the jury. By their verdict we may safely infer that they found it was caused by the negligence of the defendant, rather than by an accident. There is testimony to sustain the verdict, and we do not feel at liberty to disturb it.''

There are numerous other cases we might cite in support of this doctrine, but in conclusion we think that the question has been settled by this court, and in the language of Justice Stewart in the case of *Wheeler v. Oregon R. R. etc. Co.*, 16 Ida. 375, 102 Pac. 347: ''It is generally conceded by the authorities that the question of negligence may be one of law or law and fact. If from the evidence different minds of prudent and reasonable men might come to different conclusions, as to whether there was negligence, then the question is one of fact to be submitted to the jury under proper instructions; but if only one conclusion is deducible from the facts, then the question becomes purely a question of law.'' If, then, from the facts detailed by the evidence in this case, reasonable and prudent men might disagree as to whether the company was negligent in installing or in permitting the operation of the ripsaw, in the condition it was at the time the accident happened, it would become a question of fact, to be determined by the jury under proper instructions; and we must presume that this phase of the case was properly sub-

mitted to the jury by the trial court.    (See, also, *Herbert v.
S. P. R. R. Co.,* 121 Cal. 227, 53 Pac. 651; *Wahlgreen v. R. R.
Co.,* 132 Cal. 656, 62 Pac. 309, 64 Pac. 993; *Peters v. McKay,*
136 Cal. 73, 68 Pac. 478; *McAlpine v. Laydon,* 115 Cal. 68,
46 Pac. 865.)

The evidence was sufficient to justify the jury in returning
a verdict for the plaintiff.

This brings us to a consideration as to the alleged exces-
sive character of the verdict rendered in this case.    The plain-
tiff asked for a judgment for $15,000.    The jury returned a
verdict for $12,500.

The plaintiff was forty-five years of age at the time of
this accident; he was earning $3.75 per day, and was an able-
bodied man, capable of performing labor that required more
than ordinary skill.

We understand the general rule to be in cases of this kind,
as expressed by Judge Story, " 'that a verdict will not be set
aside in a case of tort for excessive damages, unless the court
can clearly see that the jury have committed some very gross
and palpable error, or have acted under some improper bias,
influence, or prejudice, or have totally mistaken the rules
of law, by which the damages are to be regulated.'    In such
cases the court should consider whether the verdict is fair
and reasonable and in the exercise of sound discretion, under
all the circumstances of the case; and it will be so presumed
unless the verdict is so excessive or outrageous with reference
to those circumstances as to demonstrate that the jury have
acted against the rules of law, or have suffered their passions,
their prejudices or their perverse disregard of justice to mis-
lead them."    (13 Cyc. 121.)

There is no question from the testimony in this case but
that the plaintiff is permanently injured; that he will not be
able during the balance of his life to perform manual labor
and will be dependent wholly upon the amount of the verdict
recovered in this case or the charity of his friends or relatives
for his support and maintenance.    The character of the testi-
mony offered at the trial with reference to this phase of the
case, the eminence of the physicians who testified, and the

condition of the plaintiff at the time of the trial, establishes, to our minds, that we are right in the position we take with reference to that matter. There is no evidence or intimation in the record that the jury acted by reason of any bias or prejudice, or that the instructions given by the court were not in keeping with the evidence adduced at the trial, upon this question. It will therefore be presumed that the jury, after hearing all the testimony and receiving the instructions of the court with reference to the matter of damages, took into consideration all of the elements of damage set out in the instructions of the court, the pain and the suffering, the expense incident to the sickness of the plaintiff, the fact that the plaintiff would be incapacitated from performing manual labor, and that he was permanently injured; and we do not feel that we should interfere with the conclusion of the jury in this respect. (See *Maloney v. Winston Bros. Co.*, 18 Ida. 740, 111 Pac. 1080.)

The judgment of the lower court is therefore *affirmed.* Costs are awarded to the respondent.

Stewart, C. J., and Ailshie, J., concur.

Petition for rehearing denied.