[Civ. No. 22524.   Second Dist., Div. Two.   Mar. 6, 1958.]

SALVADOR LARA TELLEZ, Appellant, v. MICHAEL SCHREYER, Respondent.

Edward L. Lacy for Appellant.

Parker, Stanbury, Reese & McGee and J. H. Peckham for Respondent.

ASHBURN, J.—Appeal from judgment of nonsuit in a personal injury action. Defendant employed plaintiff to do certain work in cleaning the premises of his home. It consisted of spreading dirt in low spots in the yard and cutting some branches of trees that were lying on the ground. There is no suggestion that the Workmen's Compensation law is applicable and the pleadings show plaintiff to have been a casual employee (Lab. Code, §§ 3352, 3354) to whom workmen's compensation is not applicable.

Plaintiff lived about 15 miles from defendant's home and the latter agreed to furnish plaintiff transportation, pay him $12 a day and furnish the tools for doing the job. Those tools were pointed out by defendant in plaintiff's presence and consisted of a wheelbarrow, a big saw, rake, shovel, claw hammer and a hand hatchet or ax. While trimming off some of the smaller branches of a limb lying on the ground plaintiff used the hand ax, hitting the wood three times; the third blow was a hard one and the end of the branch hit him in the eye and injured it seriously.

The charge of negligence is that defendant failed to warn plaintiff of hidden dangers in the work and was negligent in furnishing tools that were unsafe. The evidence fails to show any violation of either of these asserted duties. The hidden danger claimed by counsel lay in the tendency of wood

to fly into the air when hit with an ax and to strike anything in its path. We perceive nothing of substance in this claim. What happened was the usual thing, one deemed to be within the ken of the ordinary person; hence, foresight of such an occurrence was no more attributable to defendant than to plaintiff.

Failure to furnish a safe tool for doing the work is asserted to consist of providing a short-handled ax instead of a long one. The evidence affords no basis for this distinction and warrants no inference that the hand ax furnished to plaintiff was not a reasonably safe tool for doing the work in question. ■ "The employer is not required, . . . to furnish appliances that are absolutely safe, to furnish the best obtainable, or to adopt every latest improvement in machinery. If he has used ordinary and reasonable care, and the machinery or appliance furnished is of an ordinary character and reasonably fitted for the purposes for which it is designed, the employer has fulfilled his duty." (32 Cal.Jur.2d, § 90, p. 511.) ■ "It has been said by this court that 'if the machinery or apparatus be of an ordinary character, and reasonably fitted for the purposes for which it is designed, the employer in this regard has fulfilled his duty. The burden is upon the injured servant to show that the machinery or appliances were so defective or inadequate as to make the use of them by the employer negligent and culpable.' (*McAlpine* v. *Laydon,* 115 Cal. 68 [46 P. 865].)" (*Luman* v. *Golden Ancient Channel Min. Co.,* 140 Cal. 700, 704-705 [74 P. 307].) ■ There is nothing in this record to raise an inference that the hand ax in question was not in proper condition or that such an ax is *per se* a tool not reasonably safe for chopping wood, or the particular kind of wood involved in this case. On the merits there appears to be no error in the granting of the nonsuit at bar.

Appellant argues, however, that the court disregarded the familiar rule that the motion cannot be granted upon a ground not specified by counsel in presenting it. (16 Cal.Jur.2d, § 43, p. 205.) The rule is not applicable here. The grounds of the motion were stated by counsel as follows: "I should like to move for a nonsuit in this action on the ground that there has been no prima facie showing of any negligence whatsoever, no prima facie showing of any proximate cause whatever resulting in any acts of the defendant Michael Schreyer in connection with the alleged injuries sustained by the plaintiff." The trial judge said: "Well, if I evaluate the evidence properly, the defendant had a limb off of a tree that he

wanted cut up, probably for firewood, and other than telling him where the tools were, why, he didn't undertake to instruct him in the matter at all, and I have an idea that probably—I mean, as between the two, the plaintiff probably knows more about cutting wood than the pharmacist does. . . . Well, it just seems so conjectural. I can't see anything to this lawsuit at all. I don't often grant nonsuits, because I know that everything has to be construed most favorably to the plaintiff, but I just can't find anything in this lawsuit that the jury can find for the plaintiff on. The motion will be granted." The formal judgment of nonsuit recites: "Thereupon the defendant Michael Schreyer moved said court to dismiss said cause and enter a judgment of nonsuit on the grounds that there was no evidence proving or tending to prove any negligence on the part of the defendant Michael Schreyer and on the further ground that there was no evidence proving or tending to prove that any act on the part of defendant or any failure to act on his part were the cause of any injuries sustained by the plaintiff. Said motion was considered by the court and granted." It is apparent that the order was not based on a ground not included in the motion. Counsel's segmental argument to the contrary is not convincing.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.