[*Civ. No. 1607.  Second Appellate District.—March 6, 1916.*]

JOHN A. GORDON, Respondent, v. WILLIAM B. ROB-
ERTS et al., Copartners, etc., Defendants; JAMES B.
LANKERSHIM et al., Appellants.

NEGLIGENCE—INJURY TO PERSON ON SIDEWALK—FALL OF PAINTER'S
TRESTLE—LIABILITY OF OWNER OF BUILDING.—The owner of a
building in course of construction is liable in damages for injuries
received by a person standing on the sidewalk in front of, and
several feet distant from, the line of the building from the falling
upon him of a painter's trestle while the trestle was being moved
by several men who were delegated for that purpose by the con-
tractor doing the general work of the building, where, under the
terms of the contract between the painter and the owner, the latter
was not only to provide the trestles, but to take care of the moving
thereof, and it is not shown that the persons who moved the trestle
were, as to such owner, independent contractors.

ID.—EVIDENCE—FALLING OF TRESTLE—PRIMA FACIE CASE OF NEGLI-
GENCE.—In an action to recover damages for such injuries it is
not necessary that the particular act, thing, or motion which caused
the trestle to fall should be illustrated by direct evidence, as the
mere fact of the falling of the trestle upon the plaintiff makes
a *prima facie* case of negligence on the part of the person or
persons responsible for the falling thereof.

ID.—EVIDENCE—MUNICIPAL ORDINANCE—BARRICADE OVER SIDEWALK.—
In such an action it is not error to admit in evidence an ordinance
of the municipality which required that a barricade be erected with
a canopy over the sidewalk where building work was in progress.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Wm. D. Dehy, Judge presiding.

The facts are stated in the opinion of the court.

Morton, Hollzer & Morton, Frank P. Deering, and Pacht &
Lipps, for Appellants.

Kemper B. Campbell, Frank P. Doherty, Charles S. Bur-
nell, and Wheeler & Sweet, for Respondent.

JAMES, J.—Judgment was entered herein in favor of the
plaintiff and against the defendants in the sum of $1,237 as
damages which the jury fixed as the amount of compensation

awarded to the plaintiff for personal injuries suffered by reason of the alleged negligence of the defendants. There was a motion for a new trial made on behalf of the defendants Lankershim and Biorci, which motion was denied. This appeal was then taken by said defendants from the judgment as entered, and from the order denying them a new trial.

The record of the trial is presented by bill of exceptions. The facts as they appear to have been established by competent evidence introduced on behalf of the plaintiff, are as follows: At the date when the alleged injuries were suffered by the plaintiff, a business building was being erected at the corner of Main and Fourth Streets, in the city of Los Angeles, for the appellant Lankershim. The building had been in the main completed. Appellant Biorci was employed by Lankershim, or his authorized agent, to decorate the corridor on the ground floor which was entered from the Main Street side. The sidewalk was already laid in front of the building. Plaintiff, on the day in question, was standing on the sidewalk several feet distant from the line of the building, waiting to take a trolley car to Pasadena. A painter in the employ of Biorci was at work on a tall trestle near the entrance by which the plaintiff was standing. It became necessary to move the trestle, and several men, who were delegated for that purpose by a contractor doing the general work of the building, came to do the work. While engaged in this operation the trestle was tipped toward the street and either the end of it, or a plank therefrom, fell and struck the plaintiff on the shoulder, throwing him to the sidewalk and inflicting the injuries on account of which he afterward sued. Biorci at that time was working at a point in the corridor about one hundred feet from the trestle toward the interior of the building. The one man who had been at work upon the trestle remained there during the operation of moving and was himself thrown down. It was agreed in the contract made by Biorci with the owner of the building that the scaffolding and the moving thereof should be attended to by the owner; or, in other words, that the owner should furnish men from the staff of the contractor to move it. The defendants all claimed that there was an absence of negligence on their part, and it was further claimed by the appellant Lankershim in defense that the negligence, if any, which was committed producing injury to the plaintiff, was the negligence of persons who were, with respect

to their relation to the owner of the building, independent contractors. No evidence appears from which it can be determined as to what the conditions of the contract were respecting the erection of the building by the Roberts Construction Company. It may have been, and there was an entire absence of proof to the contrary, that the general contractor was under the direction of the owner as to the manner and means by and with which the work should be prosecuted. In such a case the contractor, of course, would occupy the ordinary relation of a servant toward the owner. As we view the testimony, there was no evidence at all before the jury which would warrant any finding excusing appellant Lankershim from liability on the ground that the persons whose negligence caused plaintiff's injuries, were, as to him, independent contractors. Lankershim's agreement with Biorci, undisputably shown in evidence, was that he would provide not only the trestles themselves, but would take care of the shifting of the trestles as they were required to be moved in order to enable Biorci to perform his contract. We can find no evidence which justifies the verdict of the jury as against Biorci. It matters not at all whether he was an independent contractor as to the doing of the painting or decorating; no negligent act of his was committed while in the performance of that work which resulted in any damage to the plaintiff. The sole cause of injury was the act of the men designated by the owner of the building to move the trestle. This moving was done, so far as the evidence shows, without the assistance of Biorci, or either of his men, and without any right in Biorci to give any direction as to how the work should be performed. As to the defendant Biorci, we think the evidence is insufficient to sustain the verdict. As to defendant Lankershim, we are in no doubt at all of the propriety of the verdict against him under the evidence disclosed by the bill of exceptions. It very plainly appeared that the trestle was caused to fall through the act of some of the men who were delegated by the contractor in charge of the general work. These were the men whom the owner had arranged should do that work. It was not necessary under these circumstances that the particular act, thing, or motion which caused the trestle to fall should be illustrated by direct evidence. On an appeal to the supreme court, taken in this same cause heretofore, it was said in the opinion of the court: "The decisive issue relates to the

position of the plaintiff at the time of the injury. That he was injured by the fall of a wooden trestle used in the building is not open to doubt. If, as he claimed, he was standing on the sidewalk, the mere fact that the trestle fell upon him from within is sufficient to make out a *prima facie* case of negligence on the part of the person or persons responsible for the management of the trestle." (*Gordon* v. *Roberts et al.,* 162 Cal. 506, [123 Pac. 288].) What has been said in the foregoing, answers several of the contentions advanced by the appellant Lankershim in the opening pages of his brief. There are alleged errors occurring during the trial which furnish the subject of some further argument made by this appellant. It is claimed that the court erred in not allowing a question to be asked of the plaintiff which called for a statement as to whether he felt able to pursue the same work that he did prior to receiving the injuries complained of. Both immediately before this question was asked, and afterward, the witness had stated that his health was at that time about the same, excepting such natural disability as might accrue by reason of the increase of his age. Also that, beyond the fact that he had felt pain frequently in the region of his left shoulder, there was no injury of which he could then complain. The jury could well draw a deduction from this testimony as to the ability of the plaintiff to pursue his customary work. The other errors assigned in the matter of rulings on the introduction of evidence have not more merit than that just discussed. In two instances objection was made after the witness had answered a question, but there was no motion to strike out the answer. Several instructions were offered to be given to the jury on behalf of the defendant and refused by the court. The court, on the question of the defense made as to the independent character of the contractors performing the work, under the state of the evidence as we have summarized it, gave instructions more favorable to the appellant than, we think, he was entitled to have submitted. After proof of the facts that the owner of the building agreed to have men furnished to move the trestles, and that such men did perform the work which resulted in injury being suffered by the plaintiff, the burden rested with the appellant Lankershim to show such facts as would warrant the conclusion to be drawn that the men so employed were acting in the capacity of independent contractors. This burden was not sustained in the

least degree. The instructions as given generally, we think, stated the law applicable to the case in hand. It is complained that there was error in allowing to be introduced an ordinance of the city of Los Angeles which required that a barricade be erected with a canopy over the sidewalk where building work was in progress. It was admitted that no such barrier was in existence at the time of the accident. It seems quite plain that had such a barrier been there constructed the probability of injury being suffered by plaintiff by reason of the falling of the trestle would have been greatly diminished or entirely obviated. The court very properly left it to the jury to determine as to whether the absence of such a barrier did contribute to produce the injury suffered.

At the oral argument it was suggested by counsel recently brought into the case there there was an absence of proof that appellant Lankershim was the owner of the building being constructed. In making this statement counsel, no doubt unintentionally, overlooked that part of the record wherein the testimony of appellant Lankershim is set out. At page 128 of the transcript, counsel for plaintiff, while appellant Lankershim was on the witness-stand, remarked: "I believe it is admitted in the pleadings that Col. Lankershim is the owner of the building." Mr. Morton (counsel for Lankershim) answered, "Oh, yes."

From the conclusions we have arrived at after a careful examination of the record presented, we are of opinion that the judgment should be sustained as to Lankershim.

The judgment and order as to appellant James B. Lankershim are affirmed. The judgment against Achille Biorci and the order denying said appellant's motion for a new trial are reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 4, 1916.